JUDGE'S COPY

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YUDAYA NANYONGA, | : | 1 CV 00-1034 |
| Plaintiff, | : | CIVIL ACTION NO.: |
| vs. | : | FILED HARRISBURG, PA |
| IMMIGRATION & NATURALIZATION SERVICE; DORIS MEISSNER, individually, and in her official capacity as I.N.S. Commissioner; COUNTY OF YORK; YORK COUNTY PRISON; THOMAS HOGAN, individually, and in his official capacity as York County Prison Warden; CHRISTOPHER REILLY, individually, and in his official capacity as member of the York County Board of Commissioners; JOHN DOES/JANE DOES (1-25) (heretofore unidentified individuals) and ABC CORPS. (1-25) (heretofore unidentified corporations, partnerships, business entities or government agencies), | : : : : : : : : : : : : : | JUN 0 8 2000 MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk JURY TRIAL DEMAND |
| Defendants. | : | |

**COMPLAINT FOR**
**DECLARATORY JUDGMENT AND MONEY DAMAGES**

**PRELIMINARY STATEMENT**

1.      This is an action for declaratory judgment and money damages arising from torture, abuse, assault and/or other malicious mistreatment of plaintiff by defendants as a result of plaintiff's nationality, immigration status and/or race. The money damages sought are for personal injuries and violation of various constitutional and State rights. This action arises under the Civil Rights Act of 1866, 42 U.S.C. §§

1

1981, 1983, 1985 and 1986, the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and the general laws of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

2.  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1332, 1343 and 1367. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The events that give rise to this action occurred on or about June 9, 1998 and subsequent thereto. Venue is conferred upon this Court by 28 U.S.C. § 1391 in that, upon information and belief, many of the defendants reside in this judicial district and/or a substantial part of the events giving rise to plaintiff's claims occurred in this judicial district.

## THE PARTIES

3.  Plaintiff, Yudaya Nanyonga, is a black female citizen of Uganda who came to the United States seeking political asylum. Presently, said plaintiff resides at 586 Purce Street, Township of Hillside, County of Union and State of New Jersey.

4.  Defendant Immigration and Naturalization Service (hereinafter referred to as the "INS") is an agency of the United States Government, Department of Justice, with national offices at 425 I St., N.W., Washington, D.C. Upon information and belief, the INS, among other duties, established policy and guidelines regarding the detention and treatment of persons seeking political asylum in the United States. Additionally, at all

2

times relevant hereto, INS has maintained a contract with York County Prison for the express purpose of housing INS detainees. In that capacity INS was responsible for management, supervision and clothing of the individual defendants named herein with authority under color of law.

5. At all times relevant hereto, defendant Doris Meissner was the duly appointed Commissioner of the INS. As such she was responsible for, among other duties, establishing and enforcing policy and guidelines regarding the detention and treatment of persons seeking political asylum in the United States.

6. The County of York, Pennsylvania (hereinafter referred to as "York County"), is a political subdivision created under the laws of the Commonwealth of Pennsylvania. Upon information and belief, plaintiff avers that York County owns and/or operates defendant York County Prison, and employed, supervised, managed, controlled and clothed the individual defendants named herein with authority under color of law.

7. At all times relevant hereto, defendant Thomas Hogan was the duly appointed Warden of York County Prison. In that capacity, he was responsible for the training, supervision, and conduct of Jane & John Doe defendants (1-25). He was also legally responsible for enforcing the policies and regulations of the INS and York County Prison and for ensuring that York County Prison personnel obeyed and adhered to the laws of the Commonwealth of Pennsylvania and of the United States of America. At all times he was acting in such capacity as the agent, servant and employee of the defendants, York County and/or York County Prison.

3

8. At all times relevant hereto, defendant Christopher Reilly was a member of the York County Board of Commissioners. As the Board of Commissioners' representative to the Prison Board, he was responsible for the training, supervision and conduct of defendants. He was also legally responsible for enforcing the policies and regulations of the INS and York County Prison and for ensuring that York County Prison personnel obeyed and adhered to the laws of the Commonwealth of Pennsylvania and of the United States of America. At all times he was acting in such capacity as the agent, servant and employee of the defendants, York County and/or York County Prison.

9. Upon information and belief, plaintiff avers that John Doe(s) and/or Jane Doe(s), on or about June 9, 1998, and subsequent thereto, were employed by INS, York County and/or York County Prison as correctional officer(s) or otherwise employed by INS, York County and/or York County Prison at 3400 Concord Road, York, Pennsylvania 17402. At such time and at all other times relevant to plaintiff's claims, said defendants were acting under color of law. Plaintiff asserts claims against said defendants, in their respective individual official capacities and/or entity forms, for the purpose of tolling the applicable statute of limitations.

10. Plaintiff is presently unaware of the true names and capacities of defendants John Does, Jane Does and/or ABC Corps., 1 through 25, inclusive, and therefore sues said defendants by such fictitious names. Upon information and belief, plaintiff avers that each of the these defendants under the supervision of INS, Doris Meissner, York County Prison, Thomas Hogan and/or Christopher Reilly, acted under color of law in an individual and/or official capacity at the time he/she inflicted great

4

harm upon plaintiff and/or failed to prevent the deprivations suffered by plaintiff through the concerted action of other defendants. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when the same shall have been ascertained through discovery. Plaintiff alleges that each of these defendants named herein participated in the acts that deprived plaintiff of her rights or is otherwise liable to plaintiff under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, the Fourth, Eight and Fourteenth amendments to the Constitution of the United States and the general laws of the Commonwealth of Pennsylvania. Plaintiff will set forth such responsibility in an Amended Complaint, when the same is ascertained.

11.   Upon information and belief, all of the acts and omissions alleged herein were duly performed by and attributable to all individual defendants in their official and individual capacities, each acting as agent, as employee, or under the direction and control of others, and each acting under color of law. Whenever reference is made herein to any acts of defendants, such reference shall also be deemed to mean the acts of each defendant acting individually and/or in concert.

## FACTS

12.   On or about June 9, 1998, plaintiff was transported to York County Prison in York County, Pennsylvania. At such time, plaintiff was an immigration detainee seeking political asylum in the United States. Plaintiff was transported by INS to York County Prison, where she was to be further detained, pending relocation at another detention facility and/or further action by the INS.

13. Plaintiff arrived at York County Prison handcuffed and in the custody and control of the defendants who were transporting plaintiff to the facility.

14. Shortly after her arrival at York County Prison, plaintiff was erroneously reclassified from minimum security to maximum security by correctional officers and/or other employees of INS, York County or York County Prison. Upon being reclassified to maximum security, defendants intentionally and maliciously stripped naked and otherwise injured and mistreated plaintiff.

15. Subsequently, Plaintiff was transported to other rooms, and further mistreated by defendants. During various times throughout plaintiff's ordeal, racial slurs were directed at her and she was otherwise verbally derided by one or more of the individual defendants.

16. Plaintiff, while naked, was thrown on the floor and thrown on a bed. Subsequently, plaintiff's hips were injected several times with unknown drugs that caused her to lose consciousness for a period of approximately two days. During that time, she lay with her arms in an outstretched position handcuffed to the bed, with her ankles bound to the bed in a spread-eagle position. She was forced to remain naked.

17. Defendants agreed to obstruct justice and to deprive plaintiff of equal protection, privileges and immunities secured under the United States Constitution. In furtherance of that agreement, defendants failed to report their unlawful conduct, failed to cooperate with investigations of their conduct, failed to provide accurate information regarding their conduct to investigators, and, upon information and belief, threatened bodily harm to any other inmate at the York County Prison who would cooperate with

said investigation. In furtherance of this agreement, defendants also prepared false and/or incomplete reports to investigators.

18.  As a result of defendants' conduct, plaintiff has suffered deprivations of constitutional rights, including cruel and unusual punishment, severe and permanent personal injuries, some of which are permanent in nature, humiliation, embarrassment, pain and suffering, emotional distress, mental anguish and invasions of privacy.

19.  Defendants' actions were negligent, willful, intentional, malicious and/or in reckless disregard of plaintiff's welfare and rights.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### SECTION 1983 OF THE CIVIL RIGHTS ACT

20.  Plaintiff asserts claims under 42 U.S.C. § 1983 directly against all defendants. As a part of such claims, plaintiff incorporates herein by reference the allegations of paragraphs 1 through 19 as if fully set forth.

21.  Defendants INS, York County, and/or York County Prison are liable to plaintiff under 42 U.S.C. § 1983 on the basis that its policy makers, acting with deliberate indifference, followed a policy of in adequate training with respect to the care and custody of INS detainees and the prevention of their mistreatment, and thereby allowed the individual defendants to misunderstand plaintiff's status, plaintiff's rights, and to treat plaintiff in an unlawful manner, depriving her of due process, liberty, privacy, equal protection of laws, and privileges and immunities afforded to her by law. Further, INS, York County and/or York County Prison's policy of inadequate training

7

caused plaintiff to be severely, humiliated and otherwise mistreated, and resulted in severe personal injury.

22. The constitutional rights violated by defendants INS, York County, and/or York County Prison and the individual defendants include, but are not limited to, the following: plaintiff's rights secured under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the general laws of the Commonwealth of Pennsylvania, including the right of privacy, to be free from unlawful and unwarranted force and excessive force, and the right not to be deprived of liberty or suffer the infliction of punishment or be deprived of property without due process of laws; and, the right to equal protection of laws and, to privileges and immunities under law.

23. The individual defendants herein are liable to plaintiff under 42 U.S.C. § 1983 as a result of deliberate indifference to the rights of plaintiff and engaging in conduct that shocks the conscience. The individual defendants are further liable to plaintiff under 42 U.S.C. § 1983 as a result of engaging in such conduct that deprived plaintiff of constitutional rights on the basis of race, immigration status and/or national origin.

24. Defendants INS, York County and/or York County Prison are also liable to plaintiff under 42 U.S.C. § 1983 on the basis that the individual defendants herein, acting in concert and under color of law and authority and with intent to discriminate against plaintiff on the basis of race, immigration status and/or national origin, conspired to obstruct justice and to deprive plaintiff of equal protection, and privileges and

8

immunities secured under law. In the furtherance of such conspiracy, the individual defendants committed a series of overt acts as previously described.

25. As a result of such conspiracy and the acts committed in furtherance thereof, plaintiff suffered personal injury, and was deprived of rights, privileges and immunities secured under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the general laws of the Commonwealth of Pennsylvania including the right of privacy, to be free from unlawful and unwarranted force and excessive force, and the right not to be deprived of liberty or suffer the infliction of punishment or deprived of property without due process of laws; the right to equal protection of laws and to privileges and immunities under law.

## SECOND CAUSE OF ACTION:
## SECTION 1985 OF THE CIVIL RIGHTS ACT

26. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 25 as if fully set forth.

27. The individual defendants herein acted in concert and conspired to deprive plaintiffs of rights, privileges and immunities secured under law solely because of plaintiff's race, immigration status and/or nationality. In the furtherance of such conspiracy, the individual defendants committed a series of overt acts as previously described.

28. As a result of such conspiracy, plaintiff was deprived of rights, privileges and immunities secured under the Constitution of the United States, including, but not limited to, the Fourth, Eighth and Fourteenth Amendments.

## THIRD CAUSE OF ACTION:
## SECTION 1985 OF THE CIVIL RIGHTS ACT

29. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 28 as if fully set forth.

30. Following the events at the York County Prison as described more fully hereinabove, the defendants conspired and otherwise acted to conceal the wrongful acts described hereinabove from the plaintiff and from public officials charged with investigating their wrongdoing.

31. Defendants further sought to conceal the truth from the plaintiff and investigating authorities by encouraging correction officers and/or other witnesses to provide false information to investigating authorities denying that the unlawful acts at the York County Prison described hereinabove occurred.

32. The aforesaid conspiracy by the defendants was designed to obstruct the due course of justice and to deprive the plaintiff of her rights to equal protection and due process under the law.

33. As a result of such conspiracy, plaintiff was deprived of rights, privileges and immunities secured under the Constitution of the United States, including, but not limited to, the Fourth, Eighth and Fourteenth Amendments.

## FOURTH CAUSE OF ACTION:
## SECTION 1986 OF THE CIVIL RIGHTS ACT

34. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 33 as if fully set forth.

10

35. Upon information and belief, plaintiff avers that one or more of the individual defendants had knowledge of the wrongs conspired to be committed against plaintiff and that rights safeguarded under 42 U.S.C. §§ 1983 and 1985 were about to be violated. Upon further information and belief, plaintiff avers that said defendants had within their power the ability to prevent or aid in the prevention of the commission of such wrongs, but refused or neglected to do so.

36. As a result of the wrongful acts committed against plaintiff as described herein and defendants' failure to prevent or aid in the prevention of such acts, such defendants are liable to plaintiff for all damages caused by the wrongful acts of others on or about June 9, 1998 and subsequent thereto, where such defendant, by reasonable diligence, could have prevented the acts.

## FIFTH CAUSE OF ACTION:
## SECTION 1983 OF THE CIVIL RIGHTS ACT

37. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 36 as if fully set forth.

38. At all times relevant hereto and prior to June, 1998, officials at the INS, York County and/or York County Prison knew or had reason to know that all or some of its corrections officers, including the individual defendants, had engaged in a practice of routinely violating the civil rights of and otherwise using excessive force against immigration detainees at the York County Prison.

11

39. Notwithstanding this knowledge, the INS, York County and/or York County Prison, through its relevant officials, tolerated and acquiesced in this custom or practice of violating the civil rights of immigration detainees at the York County Prison, permitting a situation to exist where correction officers were not disciplined or subject to disciplinary reviews of their conduct against immigration detainees at the York County Prison.

40. As a direct result of these inadequate disciplinary and review procedures, plaintiff was injured as detailed more fully hereinabove.

## SIXTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 40 as if fully set forth.

42. The actions of the individual defendants described hereinabove were undertaken with the express purpose of causing severe emotional distress and physical injuries to the individual plaintiff.

43. The conduct of the individual defendants described hereinabove were, at all relevant times, extreme and outrageous.

44. At all times relevant hereto, the individual defendants were acting within the course and scope of their employment by defendants INS, York County and/or York County Prison, and had lawful authority to act on the behalf of these defendants. Defendants wrongfully exercised this authority by negligently, intentionally and/or

12

recklessly seeking to inflict severe emotional distress and physical injuries on the plaintiff.

45.    As a proximate consequence of the conduct described hereinabove, plaintiff suffered severe and prolonged psychological and emotional distress and sustained bodily injuries as described more fully hereinabove.

46.    As a proximate consequence of the conduct described hereinabove, plaintiff has incurred medical expenses and other special damages to be determined.

### SEVENTH CAUSE OF ACTION: INVASION OF PRIVACY

47.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 46 as if fully set forth.

48.    The aforementioned conduct on the part of the individual defendants constituted an assault and invasion of the privacy rights of the plaintiff.

49.    As a proximate consequence of the violation of plaintiff's individual privacy rights, plaintiff has suffered undue and severe mental anguish and humiliation resulting in a loss of life's pleasures.

50.    At all times relevant hereto, defendants acted within the course and scope of their employment with defendants INS, York County, and/or York County Prison, and had lawful authority to act on behalf of INS, York County and/or York County Prison. This authority was wrongfully exercised, and defendants exceeded such authority in making unprovoked, unjustified, and unwarranted assaults on the privacy rights of the plaintiff.

51.  As a proximate consequence of the assault and invasion of her privacy rights, plaintiff has sustained bodily injuries and incurred additional damages, including medical expenses, and other special damages to be determined.

### EIGHTH CAUSE OF ACTION:
### NEGLIGENCE

52.  Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 51 as if fully set forth.

53.  Defendant INS, York County and/or York County Prison are liable to plaintiff because they negligently and/or recklessly followed a policy of inadequate training with respect to the care and custody of INS detainees and the prevention of their mistreatment, and thereby allowed the individual defendants to treat plaintiff in an unlawful manner, depriving her of due process, liberty, privacy, equal protection of laws, and privileges and immunities. Further, INS, York County and/or York County Prison's policy of inadequate training caused plaintiff to be severely mistreated.

54.  Further, plaintiff avers that defendants INS, York County, and/or York County Prison's negligence and/or reckless conduct included the failure to take reasonable precautions to protect plaintiff from harm and ensure plaintiff's safety at York County Prison.

55.  As a direct result of the reckless and/or negligent conduct of INS, York County and/or York County Prison, plaintiff has sustained the damages described hereinabove.

## NINTH CAUSE OF ACTION:
## INDIVIDUAL DEFENDANTS - ASSAULT AND BATTERY

56. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 55 as if fully set forth.

57. The individual defendants committed assault and battery on the plaintiff as more fully set forth hereinabove.

58. As a proximate consequence of the assault and battery committed by the individual defendants, plaintiff suffered bodily injuries and other damages as set forth more fully hereinabove.

## TENTH CAUSE OF ACTION:
## INDIVIDUAL DEFENDANTS – INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

59. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 58 as if fully set forth.

60. The individual defendants intentionally inflicted severe emotional distress upon the plaintiff as set forth more fully hereinabove.

61. As a proximate consequence of the actions of the defendants, plaintiff suffered and continues to suffer severe and prolonged emotional distress and sustained other damages as set forth more fully hereinabove.

## ELEVENTH CAUSE OF ACTION:
### INDIVIDUAL DEFENDANT'S - INVASION OF PRIVACY

62.  Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 61 as if fully set forth.

63.  The individual defendants invaded the privacy of the plaintiff as more fully set forth hereinabove.

64.  As a direct result of the actions of the defendants, plaintiff suffered a loss of privacy and sustained other damages as set forth more fully hereinabove.

### PRAYER FOR RELIEF

Wherefore, plaintiff prays that this Honorable Court:

1.  Declare that defendants' actions as described herein were in violation of §§ 1981, 1983, 1985 and/or 1986 of the Civil Rights Act of 1866, the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and the general law of the Commonwealth of Pennsylvania, and were otherwise unlawful;

2.  Award plaintiff appropriate compensatory damages against all defendants, jointly and severally;

3.  Award Plaintiff appropriate punitive damages against Defendants, jointly and severally;

4.  Award plaintiff reasonable attorneys' fees and costs of suit in this action; and

5.  Grant such other and further relief as this Court deems appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. Proc. 38, the plaintiff, Yudaya Nanyonga, hereby demands a trial by jury as to all issues so triable.

WEBER & WEBER
Attorneys for Plaintiff

BY: *Susan M. Weber*
Susan M. Weber, Esquire
Pa. Supreme Court I.D. # 55870
875 Clare Lane
York, Pennsylvania 17402

OF COUNSEL:

ARLINDO B. ARAUJO, ESQ.
POPE, BERGRIN & VERDESCO, P.A.
572 Market Street
Newark, New Jersey 07105
(973) 589-7744

## CERTIFICATION

1.  Counsel certifies that this pleading is presently in compliance with R. 11 of the Federal Rules of Civil Procedure.

WEBER & WEBER
Attorney for Plaintiff

DATE: 6-8-2000      By: *Susan M. Weber*
Susan M. Weber
Weber & Weber
875 Clare Lane
York, Pennsylvania 17402
(717) 840-8740
Attorneys for Plaintiff