

JUDGE'S COPY

Copy 6

DMB:JJT:nz

FILED
HARRISBURG

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

OCT 0 3 2000

MARY E. D'ANDREA,
PER_____
DEPUTY CLERK

```
YUDAYA NANYONGA,                       :
                                       :
              Plaintiff,               :
       v.                              :
                                       :   CIVIL NO. 1:00-CV-1034
IMMIGRATION & NATURALIZATION           :
SERVICE, DORIS MEISSNER, et al.        :   (CALDWELL, J.)
                                       :
              Defendants.              :
```

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

#### INTRODUCTION

Plaintiff Yudaya Nanyonga ("Plaintiff") has brought this civil rights and tort action seeking declaratory relief and money damages. Plaintiff names the following Defendants: the Immigration and Naturalization Service ("INS"); Doris Meissner, individually and in her capacity as INS Commissioner ("Commissioner Meissner"); York County Prison, County of York; Thomas Hogan, individually and in his capacity as York County Prison Warden; Christopher Reilly, individually, and in his capacity as a member of the York County Board of Commissioners; John Does/Jane Does (1-25) (heretofore unidentified corporations, partnerships, business entities, or government agencies).

This action arises from what Plaintiff characterizes as the "torture, abuse, assault and/or other malicious mistreatment of Plaintiff by Defendants during the time that she was detained by the INS in York County Prison. Plaintiff claims that as a result

of Defendants' conduct, she has suffered deprivations of constitutional rights, including cruel and unusual punishment, severe and permanent personal injuries, some of which are permanent in nature, humiliation, embarrassment, pain and suffering, emotional distress, mental anguish, and invasions of privacy. Compl., ¶ 18. Plaintiffs' Complaint asserts five civil rights claims, including violations of 42 U.S.C. § 1983 (Counts I, V), 42 U.S.C. 1985 (Counts II and III), 42 U.S.C. 1986 (Count IV). Plaintiff also brings five tort claims which include intentional infliction of emotional distress (Counts VI and X), invasion of privacy (Count VII and XI), negligence (Count VIII), and assault and battery (Count IX).

As more fully set forth below, Plaintiff's claims against the INS and Commissioner Meissner, in her official and individual capacity, should be dismissed as a matter of law for several reasons. First, Plaintiff's tort claims, Counts VI through XI, against the INS and Commissioner Meissner must be dismissed because federal agencies and employees are immunized from tort liability. Second, Plaintiff's civil rights claims against Commissioner Meissner should be dismissed because the Complaint does not plead specific facts with sufficient particularity to show that Commissioner Meissner had any personal involvement in the alleged violations of Plaintiff's constitutional rights. Finally, Plaintiff's civil rights claims against INS must be dismissed on the grounds of sovereign immunity.

A. **Allegations in the Complaint**.

On or about June 9, 1998, Plaintiff was transported to York County Prison in York County, Pennsylvania. (Compl. ¶ 12). At such time, Plaintiff was an immigration detainee seeking political asylum in the United States. Id. Plaintiff was transported by INS to York County Prison, where she was to be further detained, pending relocation at another detention facility and/or further action by the INS. Id.

Shortly after her arrival at York County Prison, Plaintiff was erroneously reclassified from minimum security to maximum security by correctional officers and/or other employees of INS, York County or York County Prison. Id., ¶ 14. Upon being classified to maximum security, Defendants intentionally and maliciously stripped naked and otherwise injured and mistreated Plaintiff. Id.

Subsequently, Plaintiff was transported to other rooms and further mistreated by Defendants. Id., ¶ 15. During various times throughout Plaintiff's ordeal, racial slurs were directed at her and she was otherwise verbally derided by one or more of the individual Defendants. Id.

Plaintiff, while naked, was thrown on the floor and thrown on a bed. Id., ¶ 16. Subsequently, Plaintiff's hips were injected several times with unknown drugs that caused her to lose consciousness for a period of approximately two days. Id. During that time, she lay with her arms in an outstretched

position handcuffed to the bed, with her ankles bound to the bed in a spread-eagle position. She was forced to remain naked. Id.

Defendants agreed to obstruct justice and to deprive Plaintiff of equal protection, privileges and immunities secured under the United States Constitution. Id., ¶ 17. In furtherance of that agreement, Defendants failed to report their unlawful conduct, failed to cooperate with investigations of their conduct, failed to provide accurate information regarding their conduct to investigators, and, upon information and belief, threatened bodily harm to any other inmate at the York County Prison who would cooperate with said investigation. In furtherance of this agreement, Defendants also prepared false and/or incomplete reports to investigators. Id.

### ARGUMENT

I. **LEGAL STANDARD**.

On a Rule 12(b)(6) motion, the court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The question is whether the plaintiff can prove any set of facts consistent with his allegations that will entitle him to relief, not whether he will ultimately prevail. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct., 2229, 81 L. Ed. 2d 59 (1984).

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in a form of factual allegation. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 53 L. Ed. 2d 557 (1977); Washington Legal Found., v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993); Violanti v. Emery Worldwide A-CF Co., 847 F. Supp. 1251, 1255 (M.D. Pa. 1994). Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

## II. THE INS AND COMMISSIONER MEISSNER ARE IMMUNE FROM TORT LIABILITY AND, THEREFORE, COUNTS VI THROUGH XI MUST BE DISMISSED.

### A. No Tort Suit Can Lie Against the INS.

The Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., ("FTCA") provides that it is the exclusive remedy for tort actions brought against government agencies and requires that the suit be brought against the United States itself. See Rivera v. United States, 928 F.2d 592, 609 (2d Cir. 1991) (FTCA "precludes suits against the federal agencies . . . the only proper federal defendant is the United States."). See also Fayerweather v. Bell, 447 F. Supp. 913, 916 (M.D. Pa. 1978) (The court dismissed a prisoner's suit against the United States Department of

Justice). INS should therefore be dismissed as a Defendant on Plaintiff's tort claims, Counts VI through XI.

    B.    <u>Commissioner Meissner Has Absolute Immunity from Tort Liability</u>.

In 1988, with the enactment of the Federal Employees Liability Reform and Tort Compensation Act of 1988, also known as the Westfall Act, the FTCA was amended to provide that no suit for money damages will lie against a federal employee for damage to property or personal injury or death resulting from the employee's negligent conduct while acting within the scope of his employment. 28 U.S.C. § 2679, as amended by Pub. L. 100-695, 102 Stat. 4563 (1988). Under the Westfall Act, "Government employees enjoy absolute immunity against common law tort claims, and the only proper federal institutional defendant is the United States." <u>McHugh v. University of Vermont</u>, 966 F.2d 67 (2d Cir. 1992). <u>See also</u> <u>Rivera v. United States</u>, 928 F.2d 592 (2d Cir. 1991); <u>Mardsen v. Federal Bureau of Prisons</u>, 856 F. Supp. 832, 836 (S.D.N.Y. 1994). Therefore, the tort claims against Commissioner Meissner, Counts VI through XI, must be dismissed.

III.    <u>PLAINTIFF'S CIVIL RIGHTS CLAIMS AGAINST THE FEDERAL DEFENDANTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>.

    A.    <u>Plaintiff's § 1983 Claim Against Commissioner Meissner Should Be Dismissed For Failure to State a Claim Upon Which Relief Can Be Granted</u>.

In Counts I and V of her Complaint, Plaintiff claims that the INS and Commissioner Meissner violated § 1983. It is well

-6-

established, however, that § 1983 does not apply to federal actions. Specifically, a suit under § 1983 is available only to challenge actions taken under state law. See Parratt v. Taylor, 451 U.S. 527, 535-36 (1981). In this case, Commissioner Meissner was acting pursuant to federal, not state law, and therefore Plaintiff's § 1983 claims against her cannot go forward.

    B.  **Plaintiff's Civil Rights Claims Against Commissioner Meissner must Be Dismissed Due to Their Failure to Plead Facts with Sufficient Specificity.**

Courts have overwhelmingly articulated pleading standards that prohibit conclusory allegations and require the plaintiff to allege facts that show the existence of the asserted constitutional or statutory right recited in the Complaint and what the defendant did to violate the asserted right. See, e.g., Tallman v. Reagan, 846 F.2d 494 (8th Cir. 1988) (dismissing complaint which did not allege officials' personal involvement in the alleged wrong); Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982) (plaintiff must allege facts demonstrating who did what to whom and why). Courts have consistently held that damages claims against government officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague, or general allegations. See, e.g., Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988); Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986). Instead, plaintiffs must plead specific facts with sufficient particularity to meet all the elements necessary to

lay a foundation for recovery against each particular defendant named in the suit. Barr v. Abrams, 810 F.2d 358, 362-63 (2d Cir. 1987).

The requirement that facts be pleaded with sufficient specificity applies with equal force when a conspiracy is asserted as a basis for recovery. See Young v. Biggers, 938 F.2d 565, 569 (5th Cir. 1991); Nelson v. City of McGehee, 876 F.2d 56, 59 (8th Cir. 1989); McCarthy v. Mayo, 827 F.2d 1310 (9th Cir, 1987). Indeed, where a conspiracy is alleged, a plaintiff is required to proffer facts showing the existence of an unlawful design or plan and the individual defendant's participation in it. See Buschi v. Kirven, 775 F.2d 1240, 1248-1249 (4th Cir. 1985); Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985).

Supervisors sometimes may be held liable for failures in carrying out their supervisory responsibilities. See, e.g., Camilo-Robles v. Zapata, 175 F.3d 41, 43-44 (1st Cir. 1999). However, supervisory liability exists only where "(1) there is subordinate liability, and (2) the supervisor's action or inaction was 'affirmatively linked' to the constitutional violation caused by the subordinate." Aponte Matos, 135 F.3d at 192. In Rizzo v. Goode, 423 U.S. 362, 377 (1976), the Supreme Court held that a supervising official does not violate a victim's constitutional rights unless he or she has played "an affirmative part" in the alleged misconduct of the subordinates. In order to be held liable, a plaintiff must show either that the supervisory official was personally involved in the acts causing

-8-

the deprivation of a person's constitutional rights, or implement[ed] a policy of deficient that the policy itself acts as a deprivation of constitutional rights. See Monell v. Department of Social Services, 436 U.S. 658, 692, 694 (1978). See Ramirez v. United States, 998 F. Supp. 425, 431 (D.N.J. 1998) (dismissing Commissioner Meissner and District Director from Bivens suit for failure to plead personal involvement); see also, Breyer v. Meissner, 23 F. Supp. 2d 540, 544 (E.D. Pa. 1998) (same).

In this case, the only paragraph in the Complaint that mentions Commissioner Meissner is Paragraph 5 which states, "At all times relevant hereto, Defendant Doris Meissner was duly appointed Commissioner of the INS. As such, she was responsible for, among other duties, establishing and enforcing policy and guidelines regarding the detention and treatment of persons seeking political asylum in the United States." This generalized allegation fails to meet the requirement that facts be pled with sufficient specificity. There is not a single specific factual allegation concerning Commissioner Meissner's personal involvement in the detention or treatment of Plaintiff, nor any specific factual allegations of a subordinate's liability, and how Commissioner Meissner's action or inaction was "affirmatively linked to the alleged constitutional violations caused by a subordinate. See Rizzo v. Goode, 423 U.S. at 377. In sum, Plaintiff's complaint fails to state a civil rights claim against

Commissioner Meissner. Counts I through V against her should therefore be dismissed.

### C. Plaintiff's Civil Rights Claims Against INS Should Be Dismissed.

Plaintiff also brings numerous civil rights claims against the INS including 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Plaintiff's claims pursuant to these civil rights statutes are barred by the doctrine of sovereign immunity. See Lynn v. United States Department of Health and Human Resources, 583 F. Supp. 532 (S.D.N.Y. 1984) (§ 1981 claim against the United States was barred by the doctrine of sovereign immunity); But, see, Henry v. Schlesinger, 407 F. Supp. 1179, 1189 (E.D. Pa. 1976); see also Benson v. U.S., 969 F. Supp. 1129 (N.D. Ill. 1997) (The United States has not consented to be sued under the civil rights statutes, including § 1985); Graves v. United States, 961 F. Supp. 314 (D.D.C. 1997) (§ 1985 civil rights conspiracy claims against the United States are barred by doctrine of sovereign immunity.); Hill v. McMartin, 432 F. Supp. 99 (D.C. Mich. 1977) (§ 1981, § 1985 and § 1986 do not extend to the federal government.); FDIC v. Meyer, 510 U.S. 471, 486 (1994) (Bivens actions are tort suits against federal employees in their individual capacities. Such a suit will not lie against an agency of the federal government.). Therefore, in accordance with the prevailing authority, all Plaintiff's civil rights claims (Counts I through V) against the INS, regardless of

whether based on statutes or the United States Constitution, must be dismissed on the grounds of sovereign immunity.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against the INS and Commissioner Doris Meissner should be dismissed.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

Joseph J. Terz
Assistant U.S. Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pennsylvania  17108
(717) 221-4482

Dated: October 3, 2000

DMB:JJT:nz

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,                          :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :
                                          :  CIVIL NO. 1:00-CV-1034
IMMIGRATION & NATURALIZATION              :
SERVICE, DORIS MEISSNER, et al.           :  (CALDWELL, J.)
                                          :
            Defendants.                   :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on October 3, 2000, she served a copy of the foregoing

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

by placing a copy in a postpaid envelope addressed to the persons hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

> Susan M. Weber, Esquire
> WEBER & WEBER
> 875 Clare Lane
> York, Pennsylvania  17402

*[signature]*
Naomi Zimmerman
Legal Secretary

N:\udd\nzimmer\terz\docs\nanyonga's support brief.wpd