JUDGE'S COPY    copy (10)

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG

OCT 23 2000

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

| | |
|---|---|
| YUDAYA NANYONGA,<br>    Plaintiff | : |
| v. | : CIVIL ACTION<br>: NO.: 1:CV 00-1034 |
| IMMIGRATION & NATURALIZATION<br>SERVICE, DORIS MEISSNER, COUNTY<br>OF YORK, YORK COUNTY PRISON,<br>THOMAS HOGAN, CHRISTOPHER<br>REILLY, et al,<br>    Defendants | : (JUDGE WILLIAM CALDWELL) |

## ANSWER OF DEFENDANTS YORK COUNTY, YORK COUNTY PRISON, THOMAS HOGAN AND CHRISTOPHER REILLY TO PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT

1. The instant case asserts an alleged civil rights violation of the Plaintiff, an immigration detainee, while she was housed in the York County Prison in June of 1998, and more specifically as a result of certain events which transpired on June 9, 1998.

2. A Complaint was filed on June 8, 2000.

3. Plaintiff filed a Motion to Enter Default Judgment on or about October 18, 2000. Said motion failed to include a certificate of concurrence pursuant to Local Rule 7.1.

4. It is denied that the answering Defendants were ever "served" with the Complaint. To the contrary, Plaintiff attempted to effect service of the Summons and Complaint on the answering Defendants by certified mail. [Certification of Counsel attached to Plaintiff's Motion to Enter Default]

5. Plaintiff has never served the answering Defendants with the Summons and Complaint in accordance with F.R.C.P. 4(c). More specifically, Plaintiff has never

effected personal service of the Summons and Complaint upon the answering Defendants by an adult individual or other person duly appointed by the court.

6. The answering Defendants have never waived service of the Summons and Complaint, nor did the Plaintiff provide the answering Defendants with notice and request for waiver of service or with waiver of service forms.

7. The statute of limitations for civil rights claims is two years. Thus, the statute of limitations in this case would have expired on June 9, 2000.

8. Plaintiff has failed to effect service of the Summons and Complaint upon the answering Defendants within 120 days after the filing of the Complaint on June 8, 2000 and, therefore, this action should be dismissed in accordance with F.R.C.P. 4(m).

9. Contemporaneously herewith, the answering Defendants intend to file a motion to dismiss Plaintiff's Complaint with prejudice for the reasons aforesaid.

WHEREFORE, the answering Defendants respectfully request that Plaintiff's Motion to Enter Default be denied and that Plaintiff's action be dismissed with prejudice due to the running of the statute of limitations.

THOMAS, THOMAS & HAFER, LLP

C. Kent Price, Esquire
305 North Front Street
P.O. Box 999
Harrisburg, PA. 17108
(717) 255-7632
ATTORNEYS FOR DEFENDANTS
YORK COUNTY, YORK COUNTY
PRISON, THOMAS HOGAN and
CHRISTOPHER REILLY

111354.1

## CERTIFICATE OF SERVICE

AND NOW, this 23rd day of October, 2000, the undersigned does hereby certify that he has this day served a copy of the within Answer to Plaintiff's Motion to Enter Default Judgment upon each of the following persons at the addresses set forth below by depositing same in the United States mail, regular mail, postage prepaid:

Gary A Cavalli, Esquire
Pope, Bergrin and Verdesco, P.A.
572 Market Street
Newark, NJ 07105

Joseph J. Terz, Assistant U.S. Attorney
Federal Building
228 Walnut Street
Harrisburg, PA. 17101

C. Kent Price, Esquire