JUDGE'S COPY

Copy
14

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

**FILED
HARRISBURG**

| | | |
|---|---|---|
| YUDAYA NANYONGA,<br>Plaintiff | : <br> : <br> : | NOV 0 6 2000 |
| | : | MARY E. D'ANDREA, CLERK |
| v. | : | CIVIL ACTION   Per_____ |
| | : | NO.: 1:CV 00-1034   DEPUTY CLERK |
| IMMIGRATION & NATURALIZATION | : | |
| SERVICE, DORIS MEISSNER, YORK | : | (JUDGE WILLIAM CALDWELL) |
| COUNTY, YORK COUNTY PRISON, | : | |
| THOMAS HOGAN, CHRISTOPHER | : | |
| REILLY, et al., | : | |
| Defendants | : | |

**BRIEF OF DEFENDANTS YORK COUNTY, YORK COUNTY PRISON,
THOMAS HOGAN AND CHRISTOPHER REILLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

**I.     FACTUAL BACKGROUND:**

This civil action, characterized as one for declaratory judgment and money

damages, allegedly arises out of the Plaintiff's incarceration at the York County Prison,

as an immigration detainee, on June 9, 1998. Plaintiff is a black female and citizen of

Uganda who alleges that she came to the United States seeking political asylum. On or

about June 9, 1998 the Plaintiff was placed in the York County Prison by the Immigration

and Naturalization Service. She alleges that certain events transpired that day while she

was detained at the York County Prison for which she seeks relief in the instant suit.

**II.     PROCEDURAL BACKGROUND:**

A Complaint was filed on June 8, 2000 and a Summons was issued that same

date. By letter dated June 12, 2000 Plaintiff transmitted a copy of the Summons and

Complaint to the York County Commissioners' Office by certified mail ostensibly to

make service thereof upon the moving Defendants, i.e. York County, York County

Prison, Thomas Hogan and Christopher Reilly. The Summons and Complaint was not accompanied by notice and request for waiver of service forms, nor were the moving Defendants ever requested to waive formal service of the Summons and Complaint. Service was never made upon the moving Defendants by an adult individual or other person duly appointed by the court. The moving Defendants have not waived service.

A Motion to Dismiss the Complaint With Prejudice was filed by the moving Defendants on October 25, 2000, more than 120 days after the Complaint was filed and the Summons issued. Moreover, the statute of limitations on Plaintiff's claim expired on June 10, 2000.

## III.    ISSUE:

Whether Plaintiff's Complaint should be dismissed with prejudice where proper service was not effectuated upon the moving Defendants within 120 days of the filing of the Complaint and where the statute of limitations has run in the interim?

Suggested answer:    YES.

## IV.    ARGUMENT:

Where the Plaintiff has failed to effectuate proper service upon the moving Defendants within 120 days after the filing of the Complaint, and where the statute of limitations applicable to Plaintiff's claims has run subsequent to the issuance of the Complaint, the Plaintiff's Complaint should be dismissed with prejudice.

In federal courts, original process may be served under either the Federal Rules or the law of the state in which the district court sits. Staudte v. Abrahams, 172 F.R.D. 156 (E.D.Pa. 1997). F.R.C.P. 4(c) provides that service of the summons and complaint is to be made by a person who is not a party and who is at least 18 years of age. F.R.C.P. 4(e)

provides that service upon an individual within a judicial district must be made by

delivering a copy of the summons and complaint to the individual personally. F.R.C.P.

4(j) provides that service upon a local government shall be made by delivering a copy of

the summons and complaint to its chief executive officer.

Pa.R.C.P. 402 provides for service of original process upon an individual by

personal service and Pa.R.C.P. 422 provides for service of original process upon an agent

or other person authorized by personal service.

Insofar as service by mail is concerned, the Pennsylvania Rules of Civil

Procedure only permit the use of that method when service is to be made outside the

Commonwealth. Pa.R.C.P. 404. The Federal Rules of Civil Procedure only permit

service of original process by mail when a waiver of service has been obtained. F.R.C.P.

4(d). However, no such waiver of service was requested by the Plaintiff nor made by the

moving Defendants.

The propriety of service of original process by mail in a civil rights case was

discussed in Smith v. Urban, 1998 U.S.Dist. LEXIS 2589 (E.D.Pa. 1998). The court

made the following observation:

> In the federal courts, original process may be served under either the law
> of the state in which the district court sits or under the Federal Rules of
> Civil Procedure. See Fed. R. Civ. P. 4(e)(1). Except where a waiver has
> been obtained, the Federal Rules of Civil Procedure do not provide for
> service of original process by mail. See Fed. R. Civ. P. 4(e). Similarly,
> the Pennsylvania Rules of Civil Procedure do not authorize service of
> original process within Pennsylvania by mail, including certified mail.
> See Staudte v. Abrahams, 172 F.R.D. 155 (E.D.Pa. 1997)(citing Cahill v.
> Schults, 434 Pa. Super. 332, 643 A.2d 121, 125 (1994)). Because the
> plaintiff served the defendants by mail, without obtaining a waiver of
> service, service was improper under the Pennsylvania Rules of Civil\
> Procedure and the Federal Rules of Civil Procedure. In the absence of
> proper service, the defendants have no obligation to file a response to the
> complaint.

Smith, supra, at 3-4. See also, Boley v. Kaymark, 123 F. 3d 756 (C.A. 3d 1997); Barrett

v. City of Allentown, 152 F.R.D. 46 (E.D.Pa. 1993).

Where service of the summons and complaint is not made upon a defendant

"within 120 days after the filing of the complaint," the court, upon motion or on its own

initiative, shall dismiss the action without prejudice as to that defendant or direct that

service be effected within a specified time. F.R.C.P. 4(m). Although the rule does not

specifically provide for dismissal with prejudice, the moving Defendants submit that the

Court, in this case, should dismiss the Complaint with prejudice because the statute of

limitations has run so as to bar the filing of a new action or the refiling of a dismissed

action.

The moving Defendants are aware of the comments to Rule 4(m), specifically that

the courts may be justified in allowing additional time to effect service "if the applicable

statute of limitations would bar the refiled action." Despite such comment, the moving

Defendants urge this Court to adopt the approach endorsed by the Supreme Court of

Pennsylvania as set forth in Lamp v. Heyman, 469 Pa. 465, 366 A.2d 882 (1976) and its

progeny. Those cases stand for the proposition that where a plaintiff commences an

action within the applicable statute of limitations period so as to toll the running of the

statute, the plaintiff's subsequent failure to make a good faith effort to effectuate service

of original process renders the original filing a nullity for the purpose of tolling the

statute of limitations.

Over the years since the Lamp doctrine was formulated, the appellate courts of

Pennsylvania have enunciated various principles to be utilized in applying that doctrine.

First, the doctrine requires that a plaintiff make a good faith effort to effectuate notice of

commencement of the action.  Farinacci v. Beaver County Industrial Development Authority, 510 Pa. 589, 511 A.2d 757 (1986).  Second, the plaintiff has the burden of proving that he took some affirmative action calculated to provide notice of the suit to the defendant.  Feher by Feher v. Altman, 357 Pa. Super. 50, 515 A.2d 317 (1986).  Third, proof of bad faith on the part of the plaintiff is not required; plaintiff need not have engaged in affirmative attempts to thwart service of process to support a finding of no good faith effort.  Consequently, simple neglect, mistake, inadvertence or unintentional conduct that works to delay the defendant's notice of the action may constitute a lack of good faith.  Rosenberg v. Nicholson, 408 Pa. Super. 502, 597 A.2d 145 (1991); Ferrara v. Hoover, 431 Pa. Super. 407, 636 A.2d 1151 (1994).  Fourth, providing notice to a defendant's insurance carrier does not constitute notice to the defendant and does not fulfill the requirement of a good faith effort on the part of the plaintiff.  Schriver v. Mazziotti, 432 Pa. Super. 276, 638 A.2d 224 (1994).  Fifth, a defendant is not required to show or prove prejudice as the defense of the statute of limitations is not a technical defense, but rather is a substantial and meritorious one regarded as favored in the law.  Watts v. Owens-Corning Fiberglas Corp., 353 Pa. Super. 267, 509 A.2d 1268 (1986).

In the present case, the attempt to make service by certified mail was void since it was not a proper method of service under the circumstances.  Thus, the original filing which initially tolled the statute should be deemed a nullity and the Complaint should be dismissed with prejudice.

## V.    CONCLUSION:

A plaintiff who waits until the proverbial eleventh hour to file suit and who then fails to comply with the applicable rules of civil procedure to make proper service of

original process should not be granted an additional period of time to make service where the statute of limitations has run in the interim. In the present case, Plaintiff's Complaint should be dismissed with prejudice and she should not be granted an additional period of time of effect service under such circumstances.

Respectfully submitted

Thomas, Thomas & Hafer, LLP

C. Kent Price, Esquire
305 North Front Street
P.O. Box 999
Harrisburg, Pa. 17108
(717) 255-7632

Attorneys for Defendants York County, York County Prison, Thomas Hogan and Christopher Reilly

112944

## CERTIFICATE OF SERVICE

AND NOW, this 6th day of November, 2000, the undersigned does hereby

certify that he has this day served a copy of the within Brief of Defendants York County,

York County Prison, Thomas Hogan and Christopher Reilly in Support of Motion to

Dismiss Plaintiff's Complaint with Prejudice upon each of the following persons at the

addresses set forth below by depositing same in the United States Mail, regular mail,

postage prepaid:

Gary A. Cavalli, Esquire
Pope, Bergrin and Verdesco. P.A.
572 Market Street
Newark, NJ  07105

Joseph J. Terz, Assistant U.S. Attorney
Federal Building
228 Walnut Street
Harrisburg, PA.  17101

C. Kent Price, Esquire