JUDGE'S COPY 

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,

    Plaintiff,

vs.

IMMIGRATION NATAURALIZATION
SERVICES, et als.,

    Defendants

CIVIL NO: 1:00CV-1034
(JUDGE CALDWELL)

FILED
HARRISBURG
NOV 0 7 2000
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### PLAINTIFF, YUDAYA NANYONGA'S CROSS MOTION FOR ENLARGEMENT OF TIME TO SERVE THE YORK COUNTY DEFENDANTS AND OTHER RELIEF

Plaintiff, Yudaya Nanyonga, by and through counsel, hereby requests an enlargement of time to properly serve the defendants, County of York, York County Prison, Thomas Hogan, individually and in his official capacity as York County Prison Warden, Christopher Reilly, individually and in his official capacity as a member of the York County Board of Commissioners, pursuant to Federal Rule Civil Procedure 4(m) and 6(b) and relies on the attached certification and letter brief in support thereof:

1.      Plaintiff, Yudaya Nanyonga filed a complaint in the above matter on June 8, 2000.

2.      The defendants were served with the summons and complaint by certified mail on June 19, 2000.

3.      Service was not effected upon the defendants, York County, et als. in compliance with Federal Rule Civil Procedure 4(c), as more specifically set forth in Plaintiff's letter brief.

4.      Therefore, Plaintiff respectfully withdraws its motion for default.

5. Plaintiff, Yudaya Nanyonga requests this Court grant her motion for an enlargement of time to properly serve the York County defendants, for the reasons more specifically stated in its brief.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

POPE, BERGRIN & VERDESCO, P.A.
Attorneys for Plaintiff

*[signature]*

GARY A. CAVALLI

Dated: November 6, 2000

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA, :
:
Plaintiff, :
:  CIVIL NO: 1:00CV-1034
vs. :  (JUDGE CALDWELL)
:
IMMIGRATION NATAURALIZATION :
SERVICES, et als., :
:
Defendants :

**CERTIFICATE OF CONCURRENCE**

On October 30, 2000, undersigned counsel attempted to request concurrence from C. Kent Price, counsel for the Defendants, York County and Joseph J. Terz, Assistant U.S. Attorney, in a motion for enlargement of time to properly serve defendants. Defense counsel has not responded. This certification is being provided in accordance with M.D. Pa. Local Rule 7.1.

Respectfully submitted

POPE, BERGRIN & VERDESCO, P.A.
Attorney for Plaintiff

GARY A. CAVALLI

Dated: November 6, 2000

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA, :
 :
　Plaintiff, :
 :  CIVIL NO: 1:00CV-1034
　vs. :  (JUDGE CALDWELL)
 :
IMMIGRATION NATAURALIZATION :
SERVICES, et als., :
 :
　Defendants :

### CERTIFICATE OF SERVICE BY MAIL

　The undersigned hereby certifies that she is an employee in the Law Firm of Pope, Bergrin & Verdesco, P.A. and is the person of such age and discretion as to be competent to serve papers.
　That on November 6, 2000, she served a copy of the attached

PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME FOR SERVICE

by placing said copy in postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Newark, New Jersey.
Addressee:

Thomas, Thomas & Hefer, LLP
305 No. Front Street, 6th Floor
P.O. Box 999
Harrisburg, Pa.  17108

Joseph J. Terz
Assistant U.S. Attorney
217 Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, Pa. 17108

Dated:  November 6, 2000

_____
CAROL SEEGER

# Pope, Bergrin and Verdesco, P.A.

GARY A. CAVALLI

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
572 MARKET STREET
NEWARK, NEW JERSEY 07105

(973) 589-7744
Fax (973) 589-8012

Web Site: www.pope-firm.com
E-mail: popefirm@aol.com

NEW YORK OFFICE
116 UNIVERSITY PLACE
SUITE 6
NEW YORK, NEW YORK 10003
(212) 980-7852

OF COUNSEL:
Charles M. Grossman
Sheldon Bross
Maurice R. Strickland
1931-1998

November 4, 2000

The Honorable William Caldwell, U.S.D.J.
United States District Court
Middle District of Pennsylvania
Federal Building
Harrisburg, PA 17108

    Re:    *Nanyonga v. County of York, et al.*
          *Case No.: 1:CV 00-1034*

Dear Judge Caldwell:

Please accept the following letter brief on behalf of Plaintiff, Nanyonga's Cross Motion for an Enlargement of Time in opposition to defendants, York County, et als. answer to Plaintiff's Motion to Enter Default and Motion to Dismiss. Please accept this letter brief in lieu of a more formal response on behalf of Plaintiff.

Please be advised that to the extent that personal service was not effected in compliance with F.R.C.P. 4(c), the Plaintiff respectfully withdraws its Motion to Enter Default against Defendants, York County, et als. Although service was completed pursuant to Certified Mail on June 19, 2000, (see a copy of the acknowledgement of service enclosed as Exhibit A), service was not in compliance with R.4(c). In that regard Plaintiff respectfully requests an enlargement of time pursuant to F.R.C.P.4(m) and 6(b), to effectuate service.

Pursuant to cases interpreting F.R.C.P.4(m) and 6(b), the Court has the discretion to enlarge the time for service. See <u>Petrucelli v. Bohringer, et al.</u>, 30 Fed. Rules Serv. 3rd, 823, 46 F3d. 1298 (CA 1995). Therein the Court noted that "We read the new rule to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause. We reach this conclusion for several reasons." <u>Id.</u> @ 829. The court further set forth the procedure to be followed in entertaining a motion to extend time for service, stating, "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." The court further referred to the Advisory Committee Note on <u>R.</u> 4(m) as instructive concerning the application of the courts discretion to extend time for service, stating:

> The Advisory Committee note provides some guidance as to what factors the district court should consider when deciding to exercise its discretion to extend time for service in the absence of a finding of good cause. Although the list is not exhaustive, the Committee explained that [r]elief may be justified *for example,* if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.
>
> We hold that a district court may not consider the fact that the statute of limitations has run until after it has conducted an examination of good cause. If the district court determines that good cause does not exist, only then may it consider whether the running of the statute of limitations would warrant granting an extension of time. We emphasize that the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent of finding of good cause, a district court may in its discretion still dismiss the case, even after

>considering that the statute of limitations has run and the re-filing of an action is barred. Id. @ 830-831.

Predicated upon the foregoing case law, Plaintiff respectfully requests that the Court grant Plaintiff an enlargement of time to answer for good cause, or, in the alternative, pursuant to the equitable considerations set forth in Petrucelli rule.

By way of explanation, it should be noted that co-defendant, INS was properly served consistent with F.R.C.P.4(i). Pursuant to same, service was perfected upon "serving a copy of the summons and of the complaint by registered or certified mail addressed to the Civil Process Clerk at the Office of the United States Attorney" and by also sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington District of Columbia. Unfortunately, this office misconstrued R.4 to provide for service by certified and regular mail upon the York County defendants. The confusion in that regard was partly due to the multiple federal, state and/or county defendants involved in the complaint. That confusion was further compounded by the fact of allegations of agency between the federal, state and/or county defendants with respect to management and control over the York County Prison. Consequently, it was mistakenly determined by this office that service pursuant to R.4(i), as in the case of the federal defendants, was proper. It is on that basis, due to the excusable neglect of this office, and the following equitable considerations, that Plaintiff respectfully requests that the time for service be extended pursuant to F.R.C.P.4(m) and 6(b), to allow the claim to proceed on the merits as to all defendants.

As the court is well aware, it is a general principle of our court rules that claims be resolved on their merits and not be dismissed upon procedural technicalities, particularly where the interest of justice and fair administration of laws is implicated.

In the present case, plaintiff has made a good faith effort to prosecute this claim as to all relevant parties in a timely fashion. Our firm was originally retained by the plaintiff on April 8, 2000. Thereafter, we filed the complaint on June 8, 2000, one day before the running of the statute. The complaint was filed as soon as we had obtained all information from the client and former Pennsylvania counsel. Thereafter, service was acknowledged by receipt of the certified mailings on June 19, 2000 by the York County defendants and June 20, 2000 by the federal defendants. On August 14, 2000, the U.S. Attorney's office sought an enlargement of time within which to answer. Thereafter, their answer was submitted on October 3, 2000. Not hearing from counsel on behalf of the York County defendants we filed a motion for default on October 17, 2000, 120 days after service upon the York County defendants by certified mail. As of November 1, 2000, our office submitted to the York County Sheriff's Department the appropriate summons and complaints to be served upon the York County defendants in an expedited fashion. Therefore, any delay due to the failure of service on these defendants will be minimal at best. Plaintiffs have made a good faith effort to prosecute this matter.

Plaintiff further submits that consistent with the equitable considerations underpinning the <u>Petrucelli</u> decision, and comments to F.R.C.P. 4(m), it is imperative that the court realize that any dismissal of the complaint, with or without prejudice, will result in the violation of the statute of limitations, thereby precluding any refiling of this complaint. Although not dispositve, the <u>Petrucelli</u> court clearly indicated that such a

result would be an important consideration for the court in determining whether to invoke its discretion to enlarge time for service. Additionally, the court should consider the fact that by extending plaintiff the courtesy of an enlargement of time, the case will be proceeding against both federal, state and county defendants in one venue. Plaintiff respectfully submits that factor should bear heavily upon the courts determination particularly where judicial economy is a strong consideration.

An additional factor in the courts determination to invoke its discretion, is the fact that defendants are not prejudiced in any manner by a brief enlargement of time for service purposes. As previously indicated, we have already taken steps to properly serve York County defendants through the York County Sheriff Department. Noteworthy, in, that regard, is the total absence of any indication in defendants moving papers of any prejudice suffered as a result of improper service.

The court should take into consideration the nature of the claims asserted by the plaintiff in this matter. York County defendants are obviously important parties to this litigation, particularly with respect to claims of comparative negligence regarding the management and control of York County Prison. Dismissal of the complaint against the York County defendants would have an adverse effect upon the fair apportionment of liability between the responsible defendants.

Finally, we realize that it was this firms error that placed plaintiff in this precarious position. However, at a minimum, it would be extremely disconcerting that a civil rights claim of this nature should be significantly undermined due to a procedural oversight of this nature. This is particularly true where defendants are not prejudiced by allowing this claim to proceed to prosecution on the merits as to all parties.

For the foregoing reasons, plaintiff respectfully requests that the court in the interest of justice permit plaintiff an enlargement of time to properly serve the York County defendants.

                                         Respectfully submitted,

                                         POPE, BERGRIN & VERDESCO, P.A.

                                         GARY A. CAVALLI

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,

    Plaintiff,

vs.

IMMIGRATION NATAURALIZATION SERVICES, et als.,

    Defendants

CIVIL NO: 1:00CV-1034
(JUDGE CALDWELL)

## ORDER

AND NOW, this _____ day of _____, 2000 it is hereby

Defendant's York County, et als. Notice of Motion to Dismiss Plaintiff's complaint with prejudice is denied, it is further

ORDERED that Plaintiff's Cross Motion for an enlargement of time to serve Defendant's York County, et als. is granted, it is further

ORDERED that Plaintiff's shall serve defendant's York County, et als. on or before _____ day of _____, 2000.

BY THE COURT:

_____
WILLIAM W. CALDWELL
DISTRICT JUDGE