

JUDGE'S COPY

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA, :
:
    Plaintiff, :
: CIVIL NO: 1:00CV-1034
vs. : (JUDGE CALDWELL)
:
IMMIGRATION NATURALIZATION :
SERVICES, et als., :
:
    Defendants :

FILED HARRISBURG
NOV 24 2000
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT, INS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

    In lieu of a more formal response, please accept the following letter brief on behalf of Plaintiff in opposition to defendant INS' motion to dismiss,.

    For the limited purpose of this motion, plaintiff accepts defendant INS' statement of facts as presented in its brief in the section designated as "Allegations in the Complaint." Consequently, plaintiff will not be submitting any counter statement of facts.

    Plaintiff now concedes that the federal tort claims allegations against the INS and its Commissioner, Doris Meissner, alleged in Counts VI through XI of the complaint, respectively, can be dismissed.

    Plaintiff seeks leave of the court, however to amend her complaint to implead the United States of America as the proper party defendant regarding Plaintiff's federal tort claims articulated in Counts, VI through XI. Plaintiff seeks leave pursuant to Fed. R.Civ. Proc. 15(a), which provides, in pertinent part, that "[A] party ay amend the party's

1

pleading only by leave of court, or by written consent of the adverse party; and leave shall be freely given when justice so requires." Second, the criteria set forth in <u>Fed. R. Civ. Proc.</u> 15(c)(3), governing amendments changing a party or the naming of a party whom claims are being asserted would satisfy <u>Fed. R.Civ. Proc.</u>15(c)(2) since plaintiffs claims in an amended pleading arose out of the conduct or occurrence set forth or attempted to be set forth in the original pleading. Moreover, the United States of America has already received notice of the institution of the original action, within the time prescribed under <u>Fed. R. Civ. Proc.</u> 4(m) and that this party will not be prejudiced in maintaining a defense on the merits. Finally, the United States of America "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." <u>Fed. R. Civ. Proc.</u>15(c)(3).

Based on the foregoing, plaintiff requests that the Court grant Plaintiff leave to amend the complaint to properly name the United States as a defendant, as to Counts VI through XI. With the permission of the Court, plaintiff will submit an amended complaint upon resolution of this motion.

Please be further advised that plaintiff dose not oppose the dismissal of the civil rights claims against the INS as recited in Counts I through V of the complaint on grounds of sovereign immunity as set forth in defendant' brief. Plaintiff also concedes that §1993 claims cannot be maintained against Commissioner Meissner and do not object to dismissal of Count I and Count V of the Complaint as to Commissioner Meissner.

With respect to the balance of civil rights claims against Commissioner Meissner, Counts II through IV in the Complaint; plaintiff requests additional time to obtain the

2

necessary discovery to properly respond to this defendant's motion. See Fed. R. Civ. Proc. 56(f). Rule 56(f) sets forth the procedure to be followed if a party opposing summary judgment believes that additional time is needed for discovery. Rule 56(f) states:

> Should it appear from the Affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the parties opposition, the court may refuse the application for judgment or may order an continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had one may make such other order as is just.

"[T]he court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." See Dowling v. City of Philadelphia, 855 F.2d 136, 139 (3d Cir. 1988).

The Third Circuit has further interpreted Fed. R. Civ. Proc. 56(f) as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and, why it has not previously been obtained." Dowling, 855 F.2d at 139-40; see also San Filippo v. Bongivanni, 30 F.3d 424, 432-33 (3d Cir. 1994), cert. denied, 115 S.Ct. 735 (1995).

Plaintiff relies on the Certification of Counsel attached hereto with respect to those issues concerning Commissioner Meissner's alleged misconduct, which deprived the plaintiff of her constitutional rights.

As is indicated in counsel's certification attached hereto, plaintiff is aware of yet unverified information that the INS has contracted with co-defendant, York County Prison, to detain asylum seekers at that facility. Plaintiff needs to obtain a copy of the

3

contract and/or lease between the INS and York County to determine what are the specific responsibilities, duties and burdens of the parties regarding policy formulation, detention, enforcement, and supervision of detained asylum seekers.

Based upon information and belief, it is also plaintiff's understanding that at some of these leased facilities, the INS maintained a presence by an INS representatives being stationed at detention centers for the purpose of implementing, detaining and enforcing the supervision of detained asylum seekers. Whether or not INS had a representative at York County Prison, and if so, what his or her duties were regarding formulation and implementation of INS policy, and other contracted obligations with the prison needs to be fully determined through discovery. If INS policy can be shown to be deficient with respect to the detention of asylum seekers, then Commissioner Meissner can be held liable.

Furthermore, it has recently come to plaintiff's attention that several corrections officers from York County Prison have either been suspended or discharged as a result of their misconduct regarding INS detainees at the York County facility. Plaintiff is also aware of allegations of misconduct by guards in the past. Plaintiff will require discovery, by way of documents, depositions and interrogatories, to determine the extent of the officers' misconduct and INS' respective involvement in the disciplinary process of these correctional officers, if any.

Finally, upon information and belief, plaintiff understands that the INS has just adopted and released standards and regulations concerning treatment of detainees. Plaintiff will need to obtain these documents to determine the respective duties and obligations of the parties concerning treatment of the plaintiff at this facility.

4

The factual issues raised by defendants' motion can only be addressed through extensive discovery regarding the respective involvement of the various parties in this incident, from formulation to enforcement of INS policy at the York County Prison.

Consequently, plaintiff respectfully submits that defendants INS and Commissioner Meissner's motion for summary judgment is premature with respect to the aforesaid disputed issues and should be denied and not raised until completion of discovery in this matter.

Respectfully submitted,

POPE, BERGRIN & VERDESCO, P.A.

By: _____
GARY A. CAVALLI

November 22, 2000

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,

    Plaintiff,

vs.

IMMIGRATION NATAURALIZATION
SERVICES, et als.,

    Defendants

CIVIL NO: 1:00CV-1034
(JUDGE CALDWELL)

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Law Firm of Pope, Bergrin & Verdesco, P.A. and is the person of such age and discretion as to be competent to serve papers.

That on November 22, 2000, she served a copy of the attached

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT, INS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

by placing said copy in postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Newark, New Jersey.
Addressee:

Joseph J. Terz
Assistant U.S. Attorney
217 Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, Pa. 17108

Thomas, Thomas & Hefer, LLP
305 No. Front Street, 6th Floor
P.O. Box 999
Harrisburg, Pa. 17108

Dated: November 22, 2000

_____
CAROL SEEGER

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,

          Plaintiff,

v.

IMMIGRATION & NATURALIZATION SERVICE, DORIS MEISSNER, YORK COUNTY, YORK COUNTY PRISON, THOMAS HOGAN, CHRISTOPHER REILLY, JOHN DOE(S), (heretofore unidentified individuals), and ABC CORP(S)., (Name(s) being fictitious representing one or more unidentified corporations, partnerships and/or other business entities),

          Defendants.

CIVIL ACTION

No.: 1:CV 00-1034

## CERTIFICATION

GARY A. CAVALLI, ESQ., of full age hereby certifies as follows:

1. I am an attorney-at-law of the State of New Jersey, and an associate in the firm of Pope, Bergrin & Verdesco, P.A., attorneys for plaintiff, Yudaya Nanyonga, in the above-captioned matter.

2. I submit this Affidavit pursuant to Federal Rule of Civil Procedure 56(f) in support of plaintiff's opposition to defendant, INS' Motion For Summary Judgment.

3. Pursuant to R. 56(f), plaintiff respectfully submits that additional discovery is needed to establish with specificity the respective misconduct of the public entities and officials thereof. To establish the liability of the public entities and their officials, plaintiff must prove the existence of a policy or custom that has resulted in the constitutional violation. A policy or custom is made when a decision-maker possessing final authority

POPE, BERGRIN AND
VERDESCO, P.A.
572 MARKET STREET
JARK, NEW JERSEY 07105
(973) 589-7744

to establish a policy with respect to an action, issues and official proclamation, policy or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices of officials are so permanent and well settled as to virtually constitute law. The custom may be also established by evidence of knowledge and mere acquiescence to the conduct.

4. To establish liability against Commissioner Meissner of the INS, plaintiff must also show that the supervisor implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of an offending subordinate. To establish supervisory liability on a theory that a supervisor failed to properly act, plaintiff must establish that the supervisor had a duty to oversee the subordinate, that he grossly disregarded that duty, and that a reasonable person in the supervisor's position would have known that his dereliction of duty probably would cause a deprivation of rights.

5. In order to establish these specific facts, plaintiff will need to proceed with a course of discovery including document production, interrogatory responses and depositions, to establish this information. Presently, plaintiff, upon information and belief, can establish that the INS contracts with York County Prison to lease its facility to detain asylum seekers. The exact nature and scope of that agreement is presently unknown to plaintiff, who does not have access to said contract. Pursuant to that contract, plaintiff needs additional discovery to ascertain what the role of the various federal, state and county agencies are, not only as to policy and regulations concerning the detention of asylum seekers, but also management, supervision and control over the manner in which this responsibility is implemented.

POPE, BERGRIN AND VERDESCO, P.A.
572 MARKET STREET
NARK, NEW JERSEY 07105
(973) 589-7744

2

6. In that regard, it has come to plaintiff's attention that there have been numerous allegations in the press of abuse of detainees at the York County Prison. In fact, recently numerous corrections officers were either suspended or terminated as a result of allegations of misconduct.

7. Additionally, it has come to our attention that the INS has recently promulgated new regulations and standards concerning detention of asylum seekers. Obviously, discovery of this information will be necessary in order to establish the policy and conduct of the INS and/or its officials regarding the detention of asylum seekers.

8. For the foregoing reasons, plaintiff respectfully submits that defendants' Motion For Summary Judgment be denied in order that plaintiff may obtain the necessary discovery to respond to the issues raised in defendant's motion.

I hereby certify that the foregoing statements made by me are true. I am aware of the penalties for knowingly swearing falsely.

_____
GARY A. CAVALLI

DATED: November 20, 2000

POPE, BERGRIN AND
VERDESCO, P.A.
572 MARKET STREET
NEWARK, NEW JERSEY 07105
(973) 589-7744

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,

    Plaintiff,

vs.

IMMIGRATION NATURALIZATION
SERVICES, et als.,

    Defendants

CIVIL NO: 1:00CV-1034
(JUDGE CALDWELL)

## ORDER

THIS MATTER having been opened to the Court upon the application of Gary A. Cavalli, Esq., attorneys for Plaintiff for an Order denying defendant INS motion and to permit plaintiff to amend its complaint to name the United States of America as a defendant; and the Court having considered the papers submitted in connection herewith and good cause having been shown

IT IS on this _____ day of _____, 2000

ORDERED that defendant, INS, et al's motion for summary judgment be denied without prejudice; and it is further

ORDERED that plaintiff Nanyonga be permitted to amend its complaint naming the United States of America as proper party defendant.

IT IS FURTHER ORDERED that a true copy of this Order shall be served upon all counsel of record within seven (7) days of the receipt hereof.