

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YUDAYA NANYONGA,<br><br>               Plaintiff,<br><br>v.<br><br>IMMIGRATION & NATURALIZATION SERVICE, DORIS MEISSNER, YORK COUNTY, YORK COUNTY PRISON, THOMAS HOGAN, CHRISTOPHER REILLY, JOHN DOE(S), (heretofore unidentified individuals), and ABC CORP(S)., (Name(s) being fictitious representing one or more unidentified corporations, partnerships and/or other business entities),<br><br>               Defendants. | CIVIL ACTION<br><br>No.: 1:CV 00-1034<br><br>FILED<br>HARRISBURG<br><br>NOV 2 4 2000<br>MARY E. D'ANDREA, CLERK<br>Per_____<br>    DEPUTY CLERK |

### CERTIFICATION

GARY A. CAVALLI, ESQ., of full age hereby certifies as follows:

1. I am an attorney-at-law of the State of New Jersey, and an associate in the firm of Pope, Bergrin & Verdesco, P.A., attorneys for plaintiff, Yudaya Nanyonga, in the above-captioned matter.

2. I submit this Affidavit pursuant to Federal Rule of Civil Procedure 56(f) in support of plaintiff's opposition to defendant, INS' Motion For Summary Judgment.

3. Pursuant to R. 56(f), plaintiff respectfully submits that additional discovery is needed to establish with specificity the respective misconduct of the public entities and officials thereof. To establish the liability of the public entities and their officials, plaintiff must prove the existence of a policy or custom that has resulted in the constitutional violation. A policy or custom is made when a decision-maker possessing final authority

POPE, BERGRIN AND
VERDESCO, P.A.
572 MARKET STREET
IEWARK, NEW JERSEY 07105
(973) 589-7744

to establish a policy with respect to an action, issues and official proclamation, policy or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices of officials are so permanent and well settled as to virtually constitute law. The custom may be also established by evidence of knowledge and mere acquiescence to the conduct.

4. To establish liability against Commissioner Meissner of the INS, plaintiff must also show that the supervisor implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of an offending subordinate. To establish supervisory liability on a theory that a supervisor failed to properly act, plaintiff must establish that the supervisor had a duty to oversee the subordinate, that he grossly disregarded that duty, and that a reasonable person in the supervisor's position would have known that his dereliction of duty probably would cause a deprivation of rights.

5. In order to establish these specific facts, plaintiff will need to proceed with a course of discovery including document production, interrogatory responses and depositions, to establish this information. Presently, plaintiff, upon information and belief, can establish that the INS contracts with York County Prison to lease its facility to detain asylum seekers. The exact nature and scope of that agreement is presently unknown to plaintiff, who does not have access to said contract. Pursuant to that contract, plaintiff needs additional discovery to ascertain what the role of the various federal, state and county agencies are, not only as to policy and regulations concerning the detention of asylum seekers, but also management, supervision and control over the manner in which this responsibility is implemented.

POPE, BERGRIN AND VERDESCO, P.A.
572 MARKET STREET
NEWARK, NEW JERSEY 07105
(973) 589-7744

6. In that regard, it has come to plaintiff's attention that there have been numerous allegations in the press of abuse of detainees at the York County Prison. In fact, recently numerous corrections officers were either suspended or terminated as a result of allegations of misconduct.

7. Additionally, it has come to our attention that the INS has recently promulgated new regulations and standards concerning detention of asylum seekers. Obviously, discovery of this information will be necessary in order to establish the policy and conduct of the INS and/or its officials regarding the detention of asylum seekers.

8. For the foregoing reasons, plaintiff respectfully submits that defendants' Motion For Summary Judgment be denied in order that plaintiff may obtain the necessary discovery to respond to the issues raised in defendant's motion.

I hereby certify that the foregoing statements made by me are true. I am aware of the penalties for knowingly swearing falsely.

_____
GARY A. CAVALLI

DATED: November 20, 2000

POPE, BERGRIN AND
VERDESCO, P.A.
572 MARKET STREET
NEWARK, NEW JERSEY 07105
(973) 589-7744

3