DMB:JJT:kde

*JUDGE'S COPY* [stamp]



**FILED HARRISBURG**
DEC 1 8 2000
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,

      Plaintiff,

v.

IMMIGRATION & NATURALIZATION SERVICE, DONNA MEISSNER, et al.

      Defendants.

CIVIL NO. 1:00-CV-1034

(CALDWELL, J.)

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE UNITED STATES' MOTION TO DISMISS

### Introduction

In her Response to the Federal Defendants' Motion to Dismiss, Plaintiff concedes that the tort claims (Counts VI - XI) against the INS and INS Commissioner Meissner should be dismissed. Plaintiff further concedes that the civil rights claims (Counts I - V) against the INS should be dismissed. Finally, Plaintiff agrees that she cannot proceed with her Section 1983 claims (Counts I and V) against Meissner. Plaintiff, however, argues that she should be allowed to amend her Complaint to name the United States of America as a defendant in Counts VI - XI and that she be permitted an opportunity to conduct discovery on her civil rights claims against Commissioner Meissner. As set forth below, Plaintiff's requests have no legal basis.

**Argument**

I.  PLAINTIFF'S REQUEST FOR DISCOVERY SHOULD BE DENIED.

In their Motion to Dismiss, the Federal Defendants argued that Plaintiff's civil rights claims against Commissioner Meissner should be dismissed because the Complaint was devoid of a single factual allegation concerning what role Commissioner Meissner played in the alleged violations of Plaintiff's constitutional rights. In her Response, Plaintiff does not squarely contest the Federal Defendants' argument. Rather, she requests an opportunity to conduct discovery "to properly respond to defendant's motion." (Plaintiff's Response at p.2) Plaintiff identifies specific discovery she wishes to pursue. (Plaintiff's Response at p.4) Plaintiff then concludes that "the factual issues raised by Defendants' motion can only be addressed through extensive discovery regarding the respective involvement of the various parties, in this incident, from formulation to enforcement of INS policy at the York County Prison." (Plaintiff's Response at p.5)

In support of her request, Plaintiff cites to Rule 56(f) of the Federal Rules of Civil Procedure which "... sets forth the procedure to be followed if a party opposing summary judgment believes that additional time is needed for discovery." (Plaintiff's Response at p.2) Plaintiff's position, although possibly valid in response to a motion for summary judgment, is not valid here as a response to a motion to dismiss.

2

Plaintiff's argument is misplaced for at least two reasons. First, the Federal Defendants have not raised, nor has Plaintiff identified, any "factual issues." Rather, in accordance with the applicable standard of law, the Federal Defendants argue that the court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Sedran and Berman, 38 F.3d 1380, 1384 (3rd Cir. 1994). Therefore, there are no "factual issues" which need to be addressed by discovery.

Second, a defendant has the right to challenge the legal sufficiency of the Plaintiff's allegations without subjecting himself to extensive discovery. See Green v. Emersons, Ltd., 86 F.R.D. 66, 73 (SDNY 1980). In this case, the Federal Defendants argue Plaintiff must plead a modicum of facts that, at a minimum are sufficient to allege a claim. Plaintiffs should not be allowed to bring this action against the Federal Defendants without pleading a claim and then argue that they are entitled to discovery to learn if she has a viable claim. Clearly, not even the liberal pleading requirements of the Federal Rules of Civil Procedure contemplate such an outcome.

Finally, Plaintiff's argument runs contrary to the Third Circuit's established standard that courts should impose a heightened pleading standard in civil rights cases. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1989).

In sum, in the absence of any allegations in the Complaint regarding INS Commissioner Meissner, the civil rights claims against her (Counts II, II and IV) should be dismissed without providing Plaintiff with an opportunity to conduct extensive discovery to learn of facts which she could plead. A plaintiff should have to plead a claim before a public official is subjected to broad ranging discovery that can be disruptive of effective government.

II. PLAINTIFF'S REQUEST TO SUBSTITUTE THE UNITED STATES FOR VARIOUS FEDERAL DEFENDANTS ON COUNTS VI THROUGH XI HAS NO LEGAL BASIS.

While conceding that the tort claims against the INS and Commissioner Meissner should be dismissed, Plaintiff asks this Court to entertain the notion that she be allowed to amend the Complaint to name the United States as the sole Federal Defendant in Counts VI through XI. This Court should deny Plaintiff's request as there is no subject matter jurisdiction over the United States on Plaintiff's tort claims.

The Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., ("FTCA") is the exclusive remedy for claims against federal employees acting within the scope of their employment. See 28 U.S.C. § 2679(b)(1). It operates as a limited and conditional waiver of the federal government's sovereign immunity by providing for consent to suit in federal district court. See United States v. Orleans, 425 U.S. 807, 813 (1976); See also, 28 U.S.C. § 1346(b). Procedurally, before filing a suit against the

4

United States pursuant to the FTCA, a plaintiff must present an administrative claim to the responsible agency. See 28 U.S.C. § 2675(a); Bialowas v. United States, 443 F.2d 1047, 1049 (3rd Cir. 1971). In relevant part, Section 2671(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury or death caused by the negligence or wrongful act or omission from any employee of the Government while acting within the scope of his office or employment unless the plaintiff shall have first presented the claim to the appropriate federal agency and the claim shall have been finally denied by the agency.

The requirements set forth in § 2675(a) are jurisdictional and cannot be waived. Bialowas, at 1049. In this case, Plaintiffs have not filed an administrative claim as § 2675(a) dictates.

If a claimant institutes an action in federal court without filing a claim or allowing the agency six months to respond to the claim, the federal court does not have jurisdiction to adjudicate the action. See, e.g., McNeil v. United States, 508 U.S. 106 (1983); Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992); Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990); Reynolds v. United States, 748 F.2d 291, 292-293 (5th Cir. 1984). This jurisdictional defect which results when a premature civil action is filed before the appropriate agency had six months to adjudicate that claim <u>cannot be cured absent the filing of a new civil action, nor can the suit be stayed pending expiration of the administrative review period</u>. See, e.g., Jerves v. United States, 966 F.2d at 521; Plyler v. United

5

States, 900 F.2d at 42; <u>Sparrow v. United States Postal Service</u>, 825 F.Supp. 252 (EDCA 1993). Therefore, this Court lacks the subject matter jurisdiction over this action and cannot provide Plaintiff with any of the relief requested.

### Conclusion

For the foregoing reasons, the Federal Defendants' Motion to Dismiss should be granted.

                                  Respectfully submitted,

                                  DAVID M. BARASCH
                                  United States Attorney

By: _____
    JOSEPH J. TERZ
    Assistant U.S. Attorney
    P.O. Box 11754
    Harrisburg, PA 17108-1754
    (717) 221-4482
    Fax: (717) 221-2246

Date: December 18, 2000

N:\udd\nzimmer\terz\INS\nanyonga_US_reply_brief.wpd

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 18th day of December, 2000, she served copies of the foregoing document by placing said copies in postpaid envelopes addressed to the persons hereinafter named, at the places and addresses stated below, which are the last known addresses, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

>Gary A. Cavalli, Esquire
>Pope, Bergrin And Verdesco, P.A.
>572 Market Street
>Newark, NJ  07105
>
>C. Kent Price, Esquire
>Thomas, Thomas & Hafer, LLP
>305 North Front Street
>6th Floor
>P.O. Box 999
>Harrisburg, Pennsylvania 17108

*Kathy Enders*
Kathy Enders
Legal Secretary