*see att*

21)
6/15/01
~fr

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,                         :
                                         :
                Plaintiff                :
                                         :   CIVIL NO. 1:CV-00-1034
          v.                             :
                                         :   (Judge Caldwell)
IMMIGRATION AND NATURALIZATION           :
SERVICE, et. al,                         :
                                         :
                Defendants               :

**FILED**
**HARRISBURG, PA**

JUN 1 2001

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

**MEMORANDUM**

I.    Introduction.

          Defendants, York County, York County Prison, Thomas Hogan
and Christopher Reilly (the "York County Defendants"), have filed a
motion to dismiss the Plaintiff's complaint for failure to effect
service upon them.  They also request dismissal with prejudice
because service on them now would be beyond the statute of
limitations.  We presume the motion is made under Fed. R. Civ. P.
12(b)(5).  The Plaintiff has filed a cross-motion under Fed. R.
Civ. P. 4(m) for enlargement of time to effect service.

          Plaintiff, Yudaya Nanyonga, filed this civil rights
action setting forth constitutional and state-law tort claims
arising from treatment she received during her classification at
the York County Prison as a detainee of the Immigration and
Naturalization Service ("INS").  Nanyonga names the INS and Doris
Meissner, the INS Commissioner (the Federal Defendants) as well as

the York County Defendants.  Hogan is the prison warden and Reilly
is a member of the York County Board of Commissioners.  Twenty-five
John and Jane Does have also been named.

    For the reasons outlined below, the court will exercise
its discretion to extend the time for service on the York County
Defendants, and we will therefore deny their motion to dismiss.

II.  Background.

    The complaint alleges as follows.  On or about June 9,
1998, Nanyonga was transported to the York County Prison as an INS
detainee seeking political asylum.  (Complaint, ¶ 12).  Upon her
arrival, she was erroneously reclassified to maximum security
status.  She was then stripped naked and bound to a bed in a
spread-eagle position.  (Id. at ¶¶ 14 and 16).  During this time,
she was subjected to racial slurs.  (Id. at ¶ 15).  The Plaintiff
was also injected with unknown drugs causing her to lose
consciousness for about two days.  For these two days, she remained
naked and restrained to the bed in the spread-eagle position.

    The complaint asserts various theories of liability
against the different Defendants.  Nanyonga seeks both monetary and
declaratory relief for physical and emotional injuries allegedly
suffered as a result of Defendants' actions.

    Through New Jersey counsel, Nanyonga filed her complaint
on June 8, 2000, two years minus one day from the date she was

-2-

allegedly assaulted.[1]  The Plaintiff used certified mail as a way
to serve the York County Defendants.   The mailing did not contain a
request that the Defendants waive service under Fed. R. Civ. P.
4(d)(2).   The Plaintiff's return of service indicates that on June
19, 2000, certain individuals at the Defendants' offices signed for
the complaint.   When the Plaintiff filed a return of service, she
justified the use of certified mail by relying on state law,
specifically noting as follows: "Certified Mail/RRR-NJ."

In the meantime, the Plaintiff also used certified mail
as a way of serving the Federal Defendants.   The Plaintiff's return
of service indicated that individuals at these Defendants's offices
had signed for them on June 20, 2000.   On August 14, 2000, the
Federal Defendants filed a motion to extend the time to respond to
the complaint.[2]  On September 14, 2000, they filed a motion to
dismiss under Fed. R. Civ. P. 12(b)(6).

On October 17, 2000, Nanyonga filed for a default
judgment against the York County Defendants, asserting that they
had been served by certified mail and that the time for them to

---

1   Pennsylvania has a two-year period of limitations for bringing
suit for personal injuries.   This limitations period is also
applicable to federal civil rights actions.   See Urrutia v.
Harrisburg County Police Depart., 91 F.3d 451, 457 n.9 (3d Cir.
1996).

2   Federal defendants have sixty days to answer a complaint.   See
Fed. R. Civ. P. 12(a)(3)(A) and (B).   We also note that the federal
government, it agencies, and its officers and employees sued in
their official capacities, can be served by certified mail.   See
Fed. R. Civ. P. 4(i).

answer or otherwise plead to the complaint had expired.  On October 25, 2000, the York County Defendants filed their motion to dismiss on the ground that the Plaintiff had not made proper service upon them, noting the attempt to serve by certified mail.  (Two days earlier the Defendants opposed the motion for default on the same ground.)  Further, because service would now be after the statute of limitations had expired, they sought dismissal with prejudice.

On November 7, 2000, conceding that service by certified mail was improper, the Plaintiff filed her cross-motion under Rule 4(m) for an extension of time to effect service.  This motion also withdrew the motion for a default.

III. <u>Discussion</u>.

The Plaintiff did not make proper service on the York County Defendants.  Fed. R. Civ. P. 4 governs service in federal court.  Unless an individual defendant waives service under Rule 4(d)(2), service cannot be by mail.  <u>See</u> Rule 4(e).  And while Rule 4(e)(1) allows service under the rules of the state where the district court is located, Pennsylvania does not allow service by mail upon individuals either.  <u>See</u> Pa. R. Civ. P. 402.  Nor does it allow such service upon a political subdivision, like the defendant county.  <u>See</u> Pa. R. Civ. P. 422.  <u>See also generally</u>, <u>Staudte v. Abrahams</u>, 172 F.R.D. 155 (E.D. Pa. 1997)(with limited exceptions, neither federal nor Pennsylvania law allow service by mail).

-4-

Rule 4(m) requires service of the complaint within 120 days of filing, and if service is not accomplished within that time frame, the court can either dismiss the action or extend the time for service. However, if a plaintiff establishes good cause for her failure to make timely service, the court must grant an extension of time for doing so. As the Rule provides:

> **(m) Time Limit For Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In ruling on a motion to extend the time for service, the Third Circuit has decided that the court must employ a two-pronged inquiry. First, it must determine whether good cause for the failure to effect timely service exists. "If good cause is present, the district court must extend time for service and the inquiry is ended." Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995). Second, if good cause does not exist, the court nonetheless has discretion to either dismiss the case without prejudice or extend the time for service. Id.

Rule 4(m) does not define "good cause," but the Third Circuit has equated it with the "excusable neglect" standard under

-5-

Fed. R. Civ. P. 6(b)(2).  MCI Telecommunications Corp. v.
Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).  Thus, good
cause (following from excusable neglect) "require[s] a
demonstration of good faith on the part of the party seeking an
enlargement and some reasonable basis for noncompliance within the
time specified in the rules."  Id.  "[T]he primary focus is on the
plaintiff's reasons for not complying with the time limit in the
first place."  Id.; Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir.
1997) (quoting MCI Telecommunications, 71 F.3d at 1097)).

     In moving for an extension, the Plaintiff argues that she
had good cause for not making timely service because her attorneys
became confused by the presence in the suit of federal governmental
defendants along with the local governmental defendants and the
agency relationship that was alleged to exist between them.  This
led her lawyers to conclude erroneously that service on the York
County Defendants could be accomplished under Rule 4(i), the
provision governing service on the federal government, it agencies,
and its officers and employees sued in their official capacities,
as previously noted in footnote 2.[3]

---

3  This argument has been made in a "letter brief" which the
Plaintiff requests we accept "in lieu of a more formal response . .
. "  (Doc. 15, p. 5).  The Plaintiff's counsel is advised that
litigation in this court is governed by the Rules of Court for the
United States District Court for the Middle District of
Pennsylvania.  These rules provide for the form, filing and service
of briefs in litigation.  Letter briefs will not be accepted
hereafter.  These rules do not authorize legal arguments in support
of motions to be made in letters addressed to the presiding judge.
Instead, Local Rule 7.5 requires that a brief, with the caption of

The main difficulty with this argument is that attorney inadvertence cannot be good cause justifying an extension of time. Good cause will not be found based on "inadvertence of counsel," "half-hearted efforts by counsel," or "reliance upon a third party or on a process server." Petrucelli, supra, 46 F.3d at 1307 (internal quotation marks omitted). A plaintiff's "disregard for ... the 'technical niceties' of service of process" does not constitute good cause. Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996)). See also Momah v. Albert Einstein Medical Center, 158 F.R.D. 66, 69 (E.D. Pa. 1994)(failure to timely serve a complaint will not be excused when the omission was due to the attorney's lack of diligence in effectuating the requirements of the rule).[4]

Having concluded that the Plaintiff has not demonstrated good cause for her failure to comply with Rule 4(m), the court now must determine whether we should exercise our discretion to allow Nanyonga to serve the York County Defendants. On this prong of the analysis, the Plaintiff argues that she attempted service in good

the case, be filed with the Clerk of Court. Plaintiff's counsel is advised to familiarize himself with the Local Rules because deviation from the Rules will not be tolerated in the future.

4  Even if we could consider attorney inadvertence, we would not accept such an argument here. The Plaintiff's contention that her lawyers were confused cannot stand in the face of Rule 4(i), which clearly applies only to federal defendants, and Rule 4(j)(2), which directs how local governments are to be served. We also note that the argument conflicts with the Plaintiff's position in the return of service that she was relying on New Jersey law, not Rule 4(i), for service.

faith and prosecuted the action diligently, moving for default relatively quickly against these Defendants when she thought service had been made.  In part, she also argues that the running of the statute of limitations (which would preclude a new suit against the moving Defendants) and the lack of prejudice to the Defendants also favor the exercise of our discretion to extend the time for service.

We think this position is basically correct and will exercise our discretion to extend the time for service on the York County Defendants.  First, the expiration of the statute of limitations will bar another suit against these Defendants, and that factor may be considered on the side of granting an extension. Petrucelli, supra, 46 F.3d at 1306.  Second, the Plaintiff did attempt service, albeit ineffectively.  Third, there was no signal that the attempted service had not worked.  See, e.g., Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882 (8th Cir. 1996).  Finally, the moving Defendants have not claimed prejudice, see Harley v. City of Philadelphia, 1997 WL 363884, at *2 (E.D. Pa.), and prejudice is further negated by the actual notice the Defendants received by the certified mail.  Id.  See also Boley, supra, 123 F.3d at 759.

We are buttressed in this conclusion by the argument the York County Defendants have made in support of dismissal with prejudice because of the failure to make service.  The Defendants argue we should look to Pennsylvania law and deny an extension when

the statute of limitations has run on an eleventh-hour complaint.
We reject this position.  Federal law governs this federal
procedural issue, not state law.  Further, while the Defendants'
argument might succeed in another context, <u>see</u> <u>McCurdy v. American
Board of Plastic Surgery</u>, 157 F.3d 191, 196-97 (3d Cir. 1998), we
are satisfied with the exercise of our discretion here.

An appropriate order is attached.

WILLIAM W. CALDWELL
United States District Judge

Date:   June 14, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,                    :
                                    :
            Plaintiff               :
                                    :    CIVIL NO. 1:CV-00-1034
      v.                            :
                                    :    (Judge Caldwell)
IMMIGRATION AND NATURALIZATION      :
SERVICE, et. al,                    :
                                    :
            Defendants              :

**FILED**
HARRISBURG, PA

**JUN 1 4 2001**

MARY E. D'ANDREA, CLERK
Per _____

ORDER

AND NOW, this 14th day of June, 2001, it is ordered that:

1.  Plaintiff's motion for default judgment against the York County Defendants (doc. 8) is deemed withdrawn.

2.  The York County Defendants' motion to dismiss the complaint (doc. 11) is denied.

3.  Plaintiff's cross-motion for enlargement of time to serve the York County Defendants (doc. 15) is granted.

4.  Plaintiff shall have twenty days from the date of this order to effect service on the York County Defendants.

William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 14, 2001

Re:  1:00-cv-01034    Nanyonga v. Immigration & Natura

True and correct copies of the attached were mailed by the clerk
to the following:

        Susan M. Weber, Esq.
        Weber & Weber
        875 Clare Lane
        York, PA  17402

        Gary A. Cavalli, Esq.
        Pope, Bergrin and Verdesco
        572 Market Street
        Newark, NJ  07105

        Joseph J. Terz, Esq.
        U.S. Attorney's Office
        Room 217, Federal Building
        228 Walnut St.
        Harrisburg, PA  17108

        C. Kent Price, Esq.
        Thomas, Thomas & Hafer
        P.O. Box 999
        305 North Front St.
        Harrisburg, PA  17108

cc:
Judge                      ( / )              ( / ) Pro Se Law Clerk
Magistrate Judge           (  )              (  ) INS
U.S. Marshal               (  )              (  ) Jury Clerk
Probation                  (  )
U.S. Attorney              (  )
Atty. for Deft.            (  )
Defendant                  (  )
Warden                     (  )
Bureau of Prisons          (  )
Ct Reporter                (  )
Ctroom Deputy              (  )
Orig-Security              (  )
Federal Public Defender    (  )
Summons Issued             (  ) with N/C attached to complt. and served by:

```
                              U.S. Marshal ( )     Pltf's Attorney ( )
Standard Order 93-5      ( )
Order to Show Cause      ( ) with Petition attached & mailed certified mail
                              to:  US Atty Gen   ( )  PA Atty Gen ( )
                                   DA of County  ( )  Respondents ( )
Bankruptcy Court         ( )
Other   Published        (✗)

                                           MARY E. D'ANDREA, Clerk


DATE:  _____6-14-01_____              BY: _____G U_____
                                          Deputy Clerk
```