UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,

        Plaintiff

    v.                         CIVIL NO. 1:CV-00-1034

IMMIGRATION AND NATURALIZATION    (Judge Caldwell)
SERVICE, et. al,

        Defendants

FILED
HARRISBURG, PA

JUN 1 5 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

MEMORANDUM

I. Introduction.

Plaintiff, Yudaya Nanyonga, a former detainee of the Immigration and Naturalization Service ("INS"), through counsel, filed this action alleging five constitutional claims and six state-law tort claims. Nanyonga names the INS; Doris Meissner, the INS's Commissioner; York County, Pennsylvania; the York County Prison; Thomas Hogan, the prison warden; Christopher Reilly, a member of the York County Board of Commissioners; twenty-five John and Jane Does, alleged to be employed by the INS, the prison, or both as correctional officers or other employees; and twenty-five unidentified business entities. All individual Defendants are named in their individual and official capacities. Plaintiff seeks both monetary and declaratory relief, based on treatment she allegedly received while she was being processed at the prison.

Before the Court is the motion of the "Federal Defendants," the INS and Commissioner Meissner, to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). In ruling on the motion

we follow the well-established standard. A motion to dismiss should not be granted if "under any reasonable reading of the pleadings, the plaintiff[ ] may be entitled to relief . . . " Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). In making that decision, we must accept as true all well-pleaded allegations in the complaint, Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir. 2000), and construe any reasonable inferences to be drawn from them in the Plaintiff's favor. See United States v. Occidental Chemical Corp., 200 F.3d 143, 147 (3d Cir. 1999). Consequently, the court need not accept "bald assertions" or "legal conclusions." Morse v. Lower Marion School District, 132 F. 3d 902, 906 (3d Cir. 1997).

With this standard in mind, we set forth the background to this litigation, as the Plaintiff alleges it.

II. Background.

The Plaintiff alleges that the individual Defendants acted as the agent or employee, or "under the direction and control of others" and "[w]henever reference is made herein to any acts of defendants, such reference shall also be deemed to mean the acts of each defendant acting individually and/or in concert." (Complaint, ¶ 11).

The Plaintiff is a citizen of Uganda. (Id., ¶ 1). The INS has a contract with the York County Prison to house INS detainees. (Id., ¶ 4). On or about June 9, 1998, Nanyonga was

-2-

transported to the York County Prison as an INS detainee seeking political asylum. (Id., ¶ 12). Upon her arrival, she was erroneously reclassified to maximum security status. The Defendants then "intentionally and maliciously stripped [her] naked and otherwise injured and mistreated her." (Id., ¶ 14).

The Plaintiff was "transported to other rooms, and further mistreated by defendants. During various times throughout plaintiff' ordeal, racial slurs were directed at her and she was otherwise verbally derided by one or more individual defendants." (Id., ¶ 15). She was thrown on the floor and then onto a bed. (Id., ¶ 16). She was injected with unknown drugs that caused her to lose consciousness for about two days. (Id.). For those two days, she remained naked and restrained to the bed by her arms and ankles in a spread-eagle position. (Id.).

The complaint sets forth eleven counts. Counts one through five are federal civil rights claims. Count one sets forth a claim under 42 U.S.C. § 1983 against all the Defendants for the alleged mistreatment of the Plaintiff. The Plaintiff alleges that the governmental entities, the INS and York County, are liable because they had a policy of inadequate training for the individual Defendants and because of a conspiracy by the individual Defendants to violate the Plaintiff's rights. She alleges the individual Defendants are liable for deliberate indifference or conduct that shocks the conscience.

Counts two sets forth a claim under 42 U.S.C. § 1985(3) against the individual Defendants for conspiring to deprive the Plaintiff of her constitutional rights on the bases of race, immigration status and nationality.

Count three sets forth a claim under 42 U.S.C. § 1985(2) against all the Defendants for conspiring to obstruct justice by allegedly "encouraging correction officers and/or other witnesses to provide false information to investigating authorities denying that the unlawful acts occurred." (Id., ¶¶ 30, 31 and 32). The individual Defendants are also alleged to have failed to cooperate with investigators and to have threatened inmates who would cooperate with the investigation. (Id. at ¶ 17).

Count four sets forth a claim under 42 U.S.C. § 1986 against the individual Defendants for knowing that the Plaintiff's rights were going to be violated but doing nothing to prevent it although they had the power to stop it.

Count five sets forth another claim under 42 U.S.C. § 1983 against the governmental entities, the INS and York County, and Meissner as well. This count proceeds under a theory that these Defendants acquiesced in the correctional officers' violation of INS detainees' rights.

The next three counts are state-law causes of action against all the Defendants for intentional infliction of emotional distress (count six), invasion of privacy (count seven), and against the governmental entities for negligence (count eight), the

individual Defendants for assault and battery (count nine), and two duplicative counts against the individual Defendants for intentional infliction of emotional distress (count ten) and invasion of privacy (count eleven).

Nanyonga avers that she suffered physical and emotional injuries as a result of the Defendants' actions. She seeks declaratory relief as well as compensatory and punitive damages.

III. Discussion.

    A. The State-Law Tort Claims In Counts Six Through Eleven.

In part, the Federal Defendants have moved to dismiss the state-law tort claims in counts six through eleven on the following grounds. First, these claims as against the INS should be dismissed because they can only be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §§ 2671-2680, and the FTCA allows suit only against the United States, not federal agencies. See Maclean v. Secor, 876 F. Supp. 695, 705 (E.D. Pa. 1995)(the United States is the "exclusive defendant" under the FTCA); Haas v. Barto, 829 F. Supp. 729, 732 (M.D. Pa. 1993). Second, the state law claims must also be dismissed as against defendant Meissner because the FTCA gives her absolute immunity from suit under 28 U.S.C. § 2679(b)(1). Third, counts one and five are based on 42 U.S.C. § 1983 which requires action under state law, and the INS and Meissner act under federal law, not state law.

Fourth, all of the civil rights claims against the INS are barred by the doctrine of sovereign immunity. See, e.g., Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999).

In her opposition to the Defendants' motion, Nanyonga's response to these arguments is to concede as follows: (1) the state-law tort claims against both defendants should be dismissed (doc. 16, p. 1); (2) her civil rights claims against the INS, counts one through five, should be dismissed on the ground of sovereign immunity (id., p. 2); and (3) her § 1983 claims against Commissioner Meissner in counts one and five can be dismissed. (Id., p. 2).[1]

Consistent with Nanyonga's response, the Court will dismiss the complaint in its entirety against the INS, the civil rights claims in counts one and five against Commissioner Meissner and all the state-law claims against Meissner.

We note that although Nanyonga concurs in the dismissal of the FTCA claims against the Defendants, she requests under Fed. R. Civ. P. 15 that she be allowed to amend her complaint to substitute the United States, the appropriate FTCA defendant. We will deny this request as the Plaintiff has not indicated that she

---

[1] Plaintiff's counsel submitted a "certification" "pursuant to Federal Rule of Civil Procedure 56(f) in support of plaintiff's opposition to defendant, INS' Motion for Summary Judgment." (Doc. 17, ¶ 2). Defendants have filed a motion to dismiss, not a motion for summary judgment, and this certification will thus not be considered.

pursued her administrative remedies under the FTCA, a prerequisite to our exercise of jurisdiction over FTCA claims. See Livera v. First National State Bank, 879 F.2d 1186, 1194 (3d Cir. 1989); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971).

> B. The Civil Rights Claims Against Meissner in Counts Two Through Four.

We turn now to the remaining civil rights claims at issue, counts two through four, against Commissioner Meissner in both her official and individual capacities. As noted, count two is under 42 U.S.C. § 1985(3), count three under 42 U.S.C. § 1985(2), and count four under 42 U.S.C. § 1986. As these claims against Commissioner Meissner in her official capacity are barred by the doctrine of sovereign immunity, we will focus on the claims against her in her individual capacity.[2]

Defendant Meissner moves to dismiss these claims on two grounds. First, she argues the complaint fails to allege with sufficient specificity allegations that would impose liability on her as a supervisory defendant. Second, she contends the complaint lacks adequate allegations of conspiracy. She points out that the only paragraph of the complaint that mentions her name is paragraph

---

2  As noted above, suits against the United States under the civil rights statutes are barred by sovereign immunity. Affiliated Professional Home Health Care Agency, supra; Unimex, Inc. v. United States Dept. of Housing and Urban Development, 594 F.2d 1060, 1061 (5th Cir. 1979). A suit against an individual in their official capacity is actually a suit against the sovereign. See Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed. 2d 301 (1991).

-7-

5 where she is alleged to be responsible for "establishing and enforcing guidelines regarding detention and treatment of persons seeking political asylum in the United States."

We need not address whether there are sufficient allegations of supervisory liability. We conclude that the Plaintiff has failed to set forth sufficient allegations of conspiracy. In both counts two and three, the Plaintiff alleges without factual support that Meissner engaged in a conspiracy. That is not enough. Allegations of conspiracy must be particularized. Labalokie v. Capital Area Intermediate Unit, 926 F. Supp. 503, 508 (M.D. Pa. 1996). Conclusory allegations of conspiracy in a civil rights action are not sufficient. See D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1376-78 (3d Cir. 1992). See also Scott v. Hern, 216 F.3d 897, 907-08 (10th Cir. 2000); Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999). Since conspiracy is an essential element of each of these statutory claims, see Heffernan v. Hunter, 189 F.3d 405, 411 (3d Cir. 1999), counts two and three will be dismissed as against defendant Meissner.

It follows that count four must also be dismissed because a 42 U.S.C. § 1986 claim is dependent on a proper section 1985 claim. Id. at 414 n.8; Clark v. Clabaugh, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994).

-8-

An appropriate order is attached.

                                 /s/ William W. Caldwell
                                 WILLIAM W. CALDWELL
                                 United States District Judge

Date: June 15, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,          :
                          :
        Plaintiff         :
                          :     CIVIL NO. 1:CV-00-1034
     v.                   :
                          :     (Judge Caldwell)
IMMIGRATION AND NATURALIZATION :
SERVICE, et. al,          :
                          :
        Defendants        :

ORDER

AND NOW, this 15th day of June, 2001, it is ordered that:

   1. The federal defendants' motion to dismiss (doc. 5) is granted.

   2. Defendants INS and Donna Meissner are dismissed from this action.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 15, 2001

Re: 1:00-cv-01034   Nanyonga v. Immigration & Natura

True and correct copies of the attached were mailed by the clerk to the following:

Susan M. Weber, Esq.
Weber & Weber
875 Clare Lane
York, PA  17402

Gary A. Cavalli, Esq.
Pope, Bergrin and Verdesco
572 Market Street
Newark, NJ  07105

Joseph J. Terz, Esq.
U.S. Attorney's Office
Room 217, Federal Building
228 Walnut St.
Harrisburg, PA  17108

C. Kent Price, Esq.
Thomas, Thomas & Hafer
P.O. Box 999
305 North Front St.
Harrisburg, PA  17108

```
cc:
Judge                         (/)           ( ) Pro Se Law Clerk
Magistrate Judge              ( )           ( ) INS
U.S. Marshal                  ( )           ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( ) with N/C attached to complt. and served by:
```

```
                                    U.S. Marshal ( )     Pltf's Attorney ( )
Standard Order 93-5        ( )
Order to Show Cause        ( )  with Petition attached & mailed certified mail
                                to:  US Atty Gen   ( )   PA Atty Gen ( )
                                     DA of County  ( )   Respondents ( )
Bankruptcy Court           ( )
Other_____     ( )
                                                  MARY E. D'ANDREA, Clerk


     DATE:      6-15-01                      BY:     [signature]
                                                    Deputy Clerk
```