ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG

JUL 1 2 2001

MARY E. D'ANDREA, CLE
Per_____
DEPUTY CLERK

| | |
|---|---|
| YUDAYA NANYONGA, <br>     Plaintiff <br><br> v. <br><br> IMMIGRATION & NATURALIZATION SERVICE, DORIS MEISSNER, YORK COUNTY, YORK COUNTY PRISON, THOMAS HOGAN, CHRISTOPHER REILLY, et al., <br>     Defendants | CIVIL ACTION <br> NO.: 1:CV 00-1034 <br><br> (JUDGE WILLIAM CALDWELL) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS COUNTY OF YORK, YORK COUNTY PRISON, THOMAS HOGAN AND CHRISTOPHER REILLY

1. Denied. To the extent that Paragraph 1 of the Complaint alleges that the answering Defendants exercised conduct which constituted torture, abuse, assault, malicious treatment or the deprivation and/or violation of various constitutional and State rights of the Plaintiff, such allegations are specifically denied.

2. Denied.

3. Admitted in part, denied in part. It is admitted that the Plaintiff is a black female who is, or formerly was, a citizen of Uganda. The remaining allegations are denied on the basis that the answering Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

4. The allegation is directed to a party other than the answering Defendants and, therefore, no answer is necessary.

5. The allegation is directed to a party other than the answering Defendants and, therefore, no answer is necessary.

6. Admitted in part, denied in part. It is denied that Defendant York County employed, supervised, managed, controlled or clothed the individual defendants with authority under color of law. The remaining allegations are admitted.

7. Admitted in part, denied in part. It is admitted that Defendant Thomas Hogan was the Warden of the York County Prison during the time of Plaintiff's detention at that facility in June of 1998. The remaining allegations are denied.

8. Admitted in part, denied in part. It is admitted that Defendant Christopher Reilly was a member of the York County Board of Commissioners during the time of Plaintiff's detention at the York County Prison in June of 1998. The remaining allegations are denied.

9. Denied.

10. Denied.

11. Denied.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied. It is specifically denied that the answering Defendants agreed to obstruct justice and to deprive Plaintiff of equal protection, privileges

and immunities secured under the United States Constitution, or otherwise conducted themselves as alleged.

18. Denied.

19. Denied.

## FIRST CAUSE OF ACTION
## SECTION 1983 OF THE CIVIL RIGHTS ACT

20. The answers set forth above in Paragraphs 1 through 19 are incorporated herein by reference.

21. Denied. It is specifically denied that the answering Defendants mistreated Plaintiff, treated her in an unlawful manner, or deprived her of due process, liberty, privacy, equal protection of laws, and privileges and immunities afforded by law, or otherwise conducted themselves as alleged.

22. Denied. It is specifically denied that the answering Defendants violated Plaintiff's constitutional rights, or otherwise conducted themselves as alleged.

23. Denied. It is specifically denied that the answering Defendants are liable to Plaintiff as a result of any conduct on their party.

24. Denied. It is specifically denied that the answering Defendants are liable to Plaintiff as a result of any conduct on their party.

25. Denied. It is specifically denied that the answering Defendants engaged in a conspiracy or that they deprived Plaintiff of any constitutional rights, privileges and immunities, or otherwise conducted themselves as alleged.

## SECOND CAUSE OF ACTION
## SECTION 1985 OF THE CIVIL RIGHTS ACT

26. The answers set forth above in Paragraphs 1 through 25 are incorporated herein by reference.

27. Denied. It is specifically denied that the answering Defendants acted in concert and conspired to deprive the Plaintiff of rights, privileges and immunities secured under law, or otherwise conducted themselves as alleged.

28. Denied. It is specifically denied that the answering Defendants acted in concert and conspired to deprive the Plaintiff of rights, privileges and immunities secured under the Constitution of the United States, or otherwise conducted themselves as alleged.

## THIRD CAUSE OF ACTION
## SECTION 1985 OF THE CIVIL RIGHTS ACT

29. The answers set forth above in Paragraphs 1 through 28 are incorporated herein by reference.

30. Denied. It is specifically denied that the answering Defendants conspired or otherwise acted as alleged.

31. Denied.

32. Denied. It is specifically denied that the answering Defendants conspired or otherwise acted as alleged.

33. Denied. It is specifically denied that the answering Defendants conspired to deprive Plaintiff of rights, privileges and immunities secured under the Constitution of the United States, or otherwise conducted themselves as alleged.

## FOURTH CAUSE OF ACTION

## SECTION 1986 OF THE CIVIL RIGHTS ACT

34. The answers set forth above in Paragraphs 1 through 33 are incorporated herein by reference.

35. Denied.

36. Denied. It is specifically denied that the answering Defendants or others engaged in any wrongful acts against the Plaintiff while she was detained at the York County Prison, or otherwise conducted themselves as alleged.

## FIFTH CAUSE OF ACTION
## SECTION 1983 OF THE CIVIL RIGHTS ACT

37. The answers set forth above in Paragraphs 1 through 36 are incorporated herein by reference.

38. Denied. It is specifically denied that corrections officers at the York County Prison had routinely or otherwise violated the civil rights or and used excessive force against immigration detainees.

39. Denied. It is specifically denied that corrections officers at the York County Prison had routinely or otherwise violated the civil rights or and used excessive force against immigration detainees.

40. Denied. It is specifically denied that the York County Prison had inadequate disciplinary and review procedures.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. The answers set forth above in Paragraphs 1 through 40 are incorporated herein by reference.

42. Denied.

43. Denied. It is specifically denied that the answering Defendants conducted themselves in an extreme or outrageous manner toward the Plaintiff, or otherwise conducted themselves as alleged

44. Denied. It is specifically denied that the answering Defendants acted negligently, intentionally, recklessly or otherwise seeking to inflict emotional distress and physical injuries on the Plaintiff, or otherwise conducted themselves as alleged.

45. Denied.

46. Denied.

### SEVENTH CAUSE OF ACTION
### INVASION OF PRIVACY

47. The answers set forth above in Paragraphs 1 through 46 are incorporated herein by reference.

48. Denied. It is specifically denied that the answering Defendants engaged in conduct which constituted an assault and invasion of privacy of the rights of the Plaintiff.

49. Denied. It is specifically denied that the answering Defendants violated the Plaintiff's individual privacy rights.

50. Denied. It is specifically denied that the answering Defendants committed assaults on the privacy rights of the Plaintiff.

51. Denied. It is specifically denied that the answering Defendants engaged in conduct which constituted an assault and invasion of privacy of the rights of the Plaintiff.

## EIGHTH CAUSE OF ACTION
## NEGLIGENCE

52. The answers set forth above in Paragraphs 1 through 51 are incorporated herein by reference.

53. Denied. It is specifically denied that the answering Defendants acted negligently and/or recklessly toward the Plaintiff.

54. Denied. It is specifically denied that the answering Defendants acted negligently and/or recklessly toward the Plaintiff.

55. Denied. It is specifically denied that the answering Defendants acted negligently and/or recklessly toward the Plaintiff.

## NINTH CAUSE OF ACTION
## ASSAULT AND BATTERY

56. The answers set forth above in Paragraphs 1 through 55 are incorporated herein by reference.

57. Denied. It is specifically denied that the answering Defendants committed assault and battery on the Plaintiff.

58. Denied. It is specifically denied that the answering Defendants committed assault and battery on the Plaintiff.

## TENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. The answers set forth above in Paragraphs 1 through 58 are incorporated herein by reference.

60. Denied. It is specifically denied that the answering Defendants intentionally inflicted emotional distress upon the Plaintiff.

61. Denied. It is specifically denied that the answering Defendants intentionally inflicted emotional distress upon the Plaintiff.

### ELEVENTH CAUSE OF ACTION
### INVASION OF PRIVACY

62. The answers set forth above in Paragraphs 1 through 61 are incorporated herein by reference.

63. Denied. It is specifically denied that the answering Defendants invaded the privacy of the Plaintiff.

64. Denied. It is specifically denied that the answering Defendants invaded the privacy of the Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Defendants County of York, York County Prison, Thomas Hogan and Christopher Reilly demand judgment in their favor and against Plaintiff on all causes of action alleged in the Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to set forth causes of action against the answering Defendants upon which relief can be granted.

2. The answering Defendants have not deprived or engaged in conduct intended to deprive the Plaintiff of any constitutionally protected rights, immunities and/or privileges.

3. The answering Defendants have not conspired or engaged in conduct, together or with others, intended to deprive the Plaintiff of any constitutionally protected rights, immunities and/or privileges.

4. The individual answering Defendants are entitled to absolute or qualified immunity.

5. Plaintiff's Complaint fails to set forth a cause of action based upon conspiracy against the answering Defendants.

6. The answering Defendants did not violate Plaintiff's rights under 42 U.S.C. §§ 1983, 1985 or 1986.

7. The answering Defendants did not violate any rights, privileges or immunities accorded to the Plaintiff by the United States Constitution, including but not limited to the Fourth, Eighth and Fourteenth Amendments thereto.

8. The answering Defendants did not violate any rights, privileges or immunities accorded to the Plaintiff by the general laws of the Commonwealth of Pennsylvania, including but not limited to the right of privacy, the right to be free from unlawful and unwarranted force and/or excessive force, the right not to be deprived of liberty or suffer the infliction of punishment or be deprived of property without due process of laws, and the right to equal protection of the laws and to privileges and immunities under the law.

9. The answering Defendants did not intentionally, negligently or otherwise inflict emotional distress upon the Plaintiff.

10. The answering Defendants did not invade the Plaintiff's privacy.

11. The answering Defendants did not commit assault or battery upon the Plaintiff.

12. The answering Defendants did not conduct themselves in any manner that would entitle Plaintiff to an award for punitive damages.

13. The Complaint fails to set forth causes of action upon which punitive damages may be awarded.

14. Punitive damages may not be awarded against the answering Defendants in their official capacities.

15. Defendant York County Prison is not a legal entity subject to suit.

16. The answering Defendants reserve the right to amend their affirmative defenses at the conclusion of discovery or at such other time as the Court may permit in its Case Management Order.

WHEREFORE, Defendants County of York, York County Prison, Thomas Hogan and Christopher Reilly demand judgment in their favor and against Plaintiff on all causes of action set forth within the Complaint.

THOMAS, THOMAS & HAFER, LLP

C. Kent Price, Esquire
305 North Front Street
P.O. Box 999
Harrisburg, PA. 17108
(717) 255-7632

ATTORNEYS FOR DEFENDANTS
COUNTY OF YORK, YORK COUNTY
PRISON, THOMAS HOGAN and
CHRISTOPHER REILLY

:137227.1

## CERTIFICATE OF SERVICE

AND NOW, this 12th day of July, 2001, the undersigned does hereby certify that he has this day served a copy of the within Answer and Affirmative Defenses of Defendants York County, York County Prison, Thomas Hogan and Christopher Reilly upon each of the following persons at the addresses set forth below by depositing same in the United States Mail, regular mail, postage prepaid:

Gary A. Cavalli, Esquire
Pope, Bergrin and Verdesco. P.A.
572 Market Street
Newark, NJ 07105

Joseph J. Terz, Assistant U.S. Attorney
Federal Building
228 Walnut Street
Harrisburg, PA. 17101

C. Kent Price, Esquire