**Attorneys for Plaintiff**

Gary A. Cavalli, Esquire
Pope, Bergrin and Verdesco. P.A.
572 Market Street
Newark, NJ 07105

**Attorneys for Defendants**

C. Kent Price, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street, P.O. Box 999
Harrisburg, PA 17108

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YUDAYA NANYONGA | ) | CASE NO. 1:CV-00-1034. |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF YORK, et al., | ) | JUDGE WILLIAM W. CALDWELL |
| Defendants | ) | |
| | ) | |

### JOINT CASE MANAGEMENT PLAN

1. **Principal Issues**

   1.10  Separately for each party, please give a statement summarizing this case:

   **By Plaintiff:**

   Plaintiff, Yudaya Nanyonga, filed a civil rights action setting forth constitutional and state law tort claims arising from mistreatment she suffered during her classification at York County Prison as a detainee of the Immigration and Naturalization Service ("INS"). The Complaint alleges as follows:

   On or about June 9, 1998, Plaintiff was transported to York County Prison as an INS detainee seeking political asylum. Upon her arrival, she was erroneously reclassified to maximum security status. Upon being reclassified to maximum security, she was intentionally and maliciously stripped naked and otherwise physically and verbally mistreated by the Defendants. The Plaintiff was subjected to racial slurs and verbal abuse by one or more of the individual Defendants. Additionally, Plaintiff was stripped naked and bound to a bed in a spread eagle position, and was injected with unknown drugs that caused her to lose consciousness for a period of time. Thereafter, Plaintiff remained naked and bound to a bed for two days in a spread eagle position. Plaintiff seeks monetary

and declaratory relief for physical and emotional injuries she allegedly suffered as a result of the Defendants' actions.

**By Defendants:**

The Plaintiff, a black female from Uganda, was detained in the York County Prison as an INS non-criminal detainee. On June 10, 1998 she was found to be acting hysterically in her cell, throwing herself on the floor and banging her head against the wall. The Plaintiff was escorted to the medical unit and seated on a bench, at which time she again threw herself to the floor and began banging her head on the floor. When Plaintiff failed to comply with requests to get up from the floor, she was picked up and escorted to the female Behavior Adjustment Unit ("BAU"). She again became uncontrollable, thrashing around and banging her head against the wall. Two (2) female guards then strip-searched the Plaintiff and gave her a paper gown to cover herself which she refused to use. She then crawled under a bed and refused to come out. Two Correctional Emergency Response Team ("CERT") members arrived, pulled her out from under the bed and walked her to a cell where she was put on a restraint board and covered up. She was administered an injection of Ativan, an anti-anxiety medication with sedative effects, and placed on 15 minute checks as a precaution. She was returned to general population on June 12, 1998 and eventually transferred back to New York State on August 5, 1998.

The principal **factual** issues that the parties **dispute** are:

1.11    That Plaintiff was physically and verbally abused by Defendants.
1.12    That Plaintiff was improperly restrained.
1.13    That Plaintiff was drugged.
1.14    That Defendants conspired to obstruct the investigation of this matter.
1.15    That Defendants were improperly trained regarding the detention of political asylum seekers.

The principal **factual** issues that the parties **agree** upon are:

1.20    That on or about June 9, 1999 the Plaintiff was transported to the York County Prison and detained in maximum security status for 2 days.
1.21    That Plaintiff was an INS detainee at the York County Prison.
1.22    That Plaintiff was forcibly restrained for a period of time.

1.30 The principal **legal** issues that the parties **dispute** are:

1.31    That York County and/or York County Prison implemented a policy of inadequate training with respect to the care and custody of INS detainees and the prevention of their mistreatment, which directly lead to the mistreatment of the Plaintiff by prison employees.
1.32    That York County and/or York County Prison, through their employees, acting under the color of state law and authority, discriminated against Plaintiff on the basis of race, gender, immigration status and national origin.
1.33    That York County and/or the York County Prison through their employees, acting under the color of law and authority, unlawfully conspired to obstruct justice and to

deprive Plaintiff of her civil rights.

1.34 That York County and/or the York County Prison through its employees, acting under the color of law and authority, knew or had reason to know that its employees had engaged in the practice of routinely violating the civil rights and otherwise using excessive force against immigration detainees of the York County Prison. Its employees tolerated and acquiesced in the custom of violating the civil rights of immigration detainees of the facility. York County failed to subject to discipline and review the conduct of its employees against immigration detainees of the facility. York County failed to subject to discipline and review the conduct of its employees against immigration detainees of the facility.

1.35 That the individual Defendant corrections officers at the York County Prison, acting under color of law and authority, discriminated against the Plaintiff on the basis of race, immigration status and/or national origin.

1.36 That the individual Defendants, employees of York County Prison, conspired to obstruct justice and deprive Plaintiff of her rights.

1.37 That the individual Defendants, employees of the York County Prison, conspired to conceal the truth from the Plaintiff and investigation authority by encouraging corrections officers and/or other witnesses to provide false information to investigating authority denying the unlawful acts against the Plaintiff.

1.38 That the individual Defendants, employees of the York County Prison, failed to prevent or aid in the prevention of the commission of Plaintiff's civil rights violations.

1.39 That the individual Defendants, in the course of their employment, intentionally and negligently caused the Plaintiff severe emotional distress and physical injuries. The individual Defendants intentional/negligently assaulted the Plaintiff and invaded the privacy rights of same.


The principal **legal** issues that the parties **agree** upon are:

1.40 That the Plaintiff was detained at the York County Prison facility at the time of the alleged incident.

1.41 That the Plaintiff was detained in maximum security for 2 days.

1.42 That York County was solely responsible for the maintenance, supervision and control of the York County Prison, its employees and all inmates at the time of the alleged incident.

1.43 That York County was solely responsible for the training, management, supervision and control of its employees concerning the supervision of all inmates at the time of the incident.

1.44 That York County is vicariously liable for the conduct of its employees/corrections officers during the course of their employment with theYork County Prison, so long as the conduct occurs within the scope and course of such employment.

1.45 That INS is not responsible for the management, supervision and control of the detainees of the York County Prison facility.

1.46 That INS is not responsible for the supervision of York County corrections officers/employees.

1.50  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

Plaintiff reserves the right to implead and serve any individual officers/employees of the York County Prison identified within the continuing course of discovery as being involved in the mistreatment of the Plaintiff. The Defendants oppose any such attempt to implead or name additional parties after the applicable statute of limitations has expired.

1.60  Identify any named parties that have not yet been served:

Plaintiff reserves its right to individually name York County Prison employees and/or corrections officers who were involved in the mistreatment of the Plaintiff. The Defendants oppose any such attempt to implead or name additional parties after the applicable statute of limitations has expired.

1.70  Identify any additional parties that:

   Plaintiff intends to join:

   See responses to Sections 1.50 and 1.60.

   Defendants intend to join:

   None.

1.80  Identify any additional claims that:

   Plaintiff intends to add:

   None at the present time. However, Plaintiff reserves the right to seek leave to amend her pleadings subject to continuing discovery in this matter.

   Defendants intend to add:

   None.

**2.0  Alternative Dispute Resolution ("ADR")**

   2.10  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

   ADR procedure :  Not applicable

   Date ADR to be commenced_____
   Date ADR to be completed_____

|        |                         |                                  |
|--------|-------------------------|----------------------------------|
| 4.108  | Tom Hogan               | Warden, York County Prison       |
| 4.109  | Christopher Reilly      | Member, York County Prison Board |

4.151 Disclosed by Defendants:

| Name | Title/Position |
|------|----------------|
| 4.152 Thomas Hogan | Warden |
| 4.153 Amy Ensor | Guard |
| 4.154 Tressa Asbury | Guard |
| 4.155 John Mickey | Captain |
| 4.156 Anita Winchester | Guard |
| 4.157 Timothy Heaster | Guard |
| 4.158 Steven Grove | Guard |
| 4.159 Jennifer Peters | Guard |

4.200 Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

Not applicable as the parties have not yet disclosed documents.

4.201 Categories of documents disclosed by Plaintiff:

Not applicable.

4.251 Categories of documents disclosed by Defendants:

Not applicable.

4.300 <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

  4.301 Additional categories of documents Plaintiff will disclose:

    4.302 Bellevue Medical Center narrative

    4.303 Forgotten Prisoners, A Follow-Up Report on Refugee Women Incarcerated in York County, PA (7/1998)

    4.304 Amnesty International USA's Refugee Action (9/30/98)

    4.305 Affidavit of Joan Maruskin (7/29/99)

    4.306 York Data Record (9/21/00)

    4.307 The Sunday Record (2/13/00)


  4.351 Additional categories of documents Defendants will disclose:

    4.352 Officers' Daily Reports

    4.353 Medical records

    4.354 Inmate progress reports

    4.355 Statements

    4.356 Rules and regulations of the INS concerning the detention of asylum seekers


4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

  4.401 Plaintiff's calculation of damages:

  Plaintiff's claims for damages are noneconomic in nature and, therefore, not subject to strict calculation.

  4.402 Defendant's calculation of offset:

    Not applicable.

  4.403 Counter-claimant/third-party claimant's calculation of damages:

    Not applicable.

**5.0  Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>                <u>Moving Party</u> <u>Anticipated Filing Date</u>

The parties do not presently contemplate any pretrial motions, although they reserve the right to file pretrial and/or dispositive motions as may be warranted as a consequence of continuing discovery in this matter.

**6.0  Discovery**

6.100  Briefly describe any discovery that has been completed or is in progress:

By Plaintiff:  None

By Defendants:  None

6.200  Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The parties agree to depose all named-parties to this litigation, as well as to depose any persons who may be identified as possible witnesses or as having potentially relevant information during the course of discovery. Specifically, Plaintiff wishes to depose any employees of the York County Prison responsible for the training of employees, as well as for the maintenance and supervision of inmates at or about the time of the incident. Defendants wish to depose any persons identified in Plaintiff's initial disclosure, as well as any damages witnesses.

6.300  Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Not applicable.

6.400  Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

Not applicable.

6.500  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later ....modification by stipulation or court order on an appropriate showing (where the parties cannot

agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

6.501 Depositions (excluding experts) to be taken by:

    Plaintiff: 10-15            Defendants: 4

6.502 Interrogatories to be served by:

    Plaintiff: 50              Defendants: 30

6.503 Document production requests to be served by:

    Plaintiff: 20              Defendants: 10

6.504 Requests for admission to be served by:

    Plaintiff: 30              Defendants: 30

6.600 All discovery commenced in time to be completed by:

April 2002

6.700 Reports from retained experts due:

Plaintiff: by May 2002
Defendants: by June 2002

6.800 Supplementations to expert reports due:

July 2002

## 7.0 Protective Order

7.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order.

Not applicable.

7.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

Not applicable.

**8.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

_Gary Cavalli, Esquire_
Name

_Counsel for Plaintiff_
Title

_572 Market Street_

_Newark, NJ  07105_
Address

_(973) 589-7744_               Daytime Telephone

For Defendants:

_Weston Breen_
Name

_Senior Claim Specialist_
Title

_P.O. Box 14608_

_Milwaukee, WI  52314-0608_
Address

_(414) 479-1667_               Daytime Telephone

**9.0    Scheduling**

    9.1    This case may be appropriate for trial in approximately:

           ___ 240 Days from the filing of the action in this court

           ___ 365 Days from the filing of the action in this court

           ___ Days from the filing of the action in this court

    9.2    Suggested Date for Trial:

           October, 2002

    9.3    Suggested Date for the final Pretrial Conference:

           August, 2002

    9.4    Final date for joining additional parties:

           June 2002 for Plaintiff

           June 2002 for Defendants

    9.5    Final date for amending pleadings:

           May 2002 for Plaintiff

           May 2002 for Defendants

    9.6    All potentially dispositive motions should be filed by:

           July 2002

**10.0    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute:

Not applicable.

**11.0    Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party:

For Plaintiff:

    Gary A. Cavalli, Esquire
    Pope, Bergrin and Verdesco, P.A.
    572 Market Street
    Newark, NJ 07105
    (973) 589-7744

For Defendants:

    C. Kent Price, Esq.
    Thomas, Thomas & Hafer, LLP
    305 North Front Street – 6th Floor
    P.O. Box 999
    Harrisburg, PA 17108
    (9717) 255-7632

Dated: September 10, 2001

                                                  Gary A. Cavalli
                                                  Attorney for Plaintiff

Dated: September 10, 2001

                                                    C. Kent Price
                                                    Attorney for Defndants