UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,
    Plaintiff

v.

IMMIGRATION & NATURALIZATION
SERVICE, DORIS MEISSNER, YORK
COUNTY, YORK COUNTY PRISON,
THOMAS HOGAN, CHRISTOPHER
REILLY, et al.,
    Defendants

CIVIL ACTION
NO.: 1:CV 00-1034

(JUDGE WILLIAM CALDWELL)

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS COUNTY OF YORK, YORK COUNTY PRISON, THOMAS HOGAN AND CHRISTOPHER REILLY

1. Denied. To the extent that Paragraph 1 of the Complaint alleges that the answering Defendants exercised conduct which constituted torture, abuse, assault, malicious treatment or the deprivation and/or violation of various constitutional and State rights of the Plaintiff, such allegations are specifically denied.

2. Denied.

3. Admitted in part, denied in part. It is admitted that the Plaintiff is a black female who is, or formerly was, a citizen of Uganda. The remaining allegations are denied on the basis that the answering Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

4. The allegation is directed to a party other than the answering Defendants and, therefore, no answer is necessary.

5. The allegation is directed to a party other than the answering Defendants and, therefore, no answer is necessary.

6. Admitted in part, denied in part. It is denied that Defendant York County employed, supervised, managed, controlled or clothed the individual defendants with authority under color of law. The remaining allegations are admitted.

7. Admitted in part, denied in part. It is admitted that Defendant Thomas Hogan was the Warden of the York County Prison during the time of Plaintiff's detention at that facility in June of 1998. The remaining allegations are denied.

8. Admitted in part, denied in part. It is admitted that Defendant Christopher Reilly was a member of the York County Board of Commissioners during the time of Plaintiff's detention at the York County Prison in June of 1998. The remaining allegations are denied.

9. Denied.

10. Denied.

11. Denied.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied. It is specifically denied that the answering Defendants agreed to obstruct justice and to deprive Plaintiff of equal protection, privileges

and immunities secured under the United States Constitution, or otherwise conducted themselves as alleged.

18. Denied.

19. Denied.

## FIRST CAUSE OF ACTION
## SECTION 1983 OF THE CIVIL RIGHTS ACT

20. The answers set forth above in Paragraphs 1 through 19 are incorporated herein by reference.

21. Denied. It is specifically denied that the answering Defendants mistreated Plaintiff, treated her in an unlawful manner, or deprived her of due process, liberty, privacy, equal protection of laws, and privileges and immunities afforded by law, or otherwise conducted themselves as alleged.

22. Denied. It is specifically denied that the answering Defendants violated Plaintiff's constitutional rights, or otherwise conducted themselves as alleged.

23. Denied. It is specifically denied that the answering Defendants are liable to Plaintiff as a result of any conduct on their party.

24. Denied. It is specifically denied that the answering Defendants are liable to Plaintiff as a result of any conduct on their party.

25. Denied. It is specifically denied that the answering Defendants engaged in a conspiracy or that they deprived Plaintiff of any constitutional rights, privileges and immunities, or otherwise conducted themselves as alleged.

## SECOND CAUSE OF ACTION
## SECTION 1985 OF THE CIVIL RIGHTS ACT

26. The answers set forth above in Paragraphs 1 through 25 are incorporated herein by reference.

27. Denied. It is specifically denied that the answering Defendants acted in concert and conspired to deprive the Plaintiff of rights, privileges and immunities secured under law, or otherwise conducted themselves as alleged.

28. Denied. It is specifically denied that the answering Defendants acted in concert and conspired to deprive the Plaintiff of rights, privileges and immunities secured under the Constitution of the United States, or otherwise conducted themselves as alleged.

## THIRD CAUSE OF ACTION
## SECTION 1985 OF THE CIVIL RIGHTS ACT

29. The answers set forth above in Paragraphs 1 through 28 are incorporated herein by reference.

30. Denied. It is specifically denied that the answering Defendants conspired or otherwise acted as alleged.

31. Denied.

32. Denied. It is specifically denied that the answering Defendants conspired or otherwise acted as alleged.

33. Denied. It is specifically denied that the answering Defendants conspired to deprive Plaintiff of rights, privileges and immunities secured under the Constitution of the United States, or otherwise conducted themselves as alleged.

## FOURTH CAUSE OF ACTION

## SECTION 1986 OF THE CIVIL RIGHTS ACT

34. The answers set forth above in Paragraphs 1 through 33 are incorporated herein by reference.

35. Denied.

36. Denied. It is specifically denied that the answering Defendants or others engaged in any wrongful acts against the Plaintiff while she was detained at the York County Prison, or otherwise conducted themselves as alleged.

## FIFTH CAUSE OF ACTION
## SECTION 1983 OF THE CIVIL RIGHTS ACT

37. The answers set forth above in Paragraphs 1 through 36 are incorporated herein by reference.

38. Denied. It is specifically denied that corrections officers at the York County Prison had routinely or otherwise violated the civil rights or and used excessive force against immigration detainees.

39. Denied. It is specifically denied that corrections officers at the York County Prison had routinely or otherwise violated the civil rights or and used excessive force against immigration detainees.

40. Denied. It is specifically denied that the York County Prison had inadequate disciplinary and review procedures.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. The answers set forth above in Paragraphs 1 through 40 are incorporated herein by reference.

42. Denied.

43. Denied. It is specifically denied that the answering Defendants conducted themselves in an extreme or outrageous manner toward the Plaintiff, or otherwise conducted themselves as alleged

44. Denied. It is specifically denied that the answering Defendants acted negligently, intentionally, recklessly or otherwise seeking to inflict emotional distress and physical injuries on the Plaintiff, or otherwise conducted themselves as alleged.

45. Denied.

46. Denied.

## SEVENTH CAUSE OF ACTION
## INVASION OF PRIVACY

47. The answers set forth above in Paragraphs 1 through 46 are incorporated herein by reference.

48. Denied. It is specifically denied that the answering Defendants engaged in conduct which constituted an assault and invasion of privacy of the rights of the Plaintiff.

49. Denied. It is specifically denied that the answering Defendants violated the Plaintiff's individual privacy rights.

50. Denied. It is specifically denied that the answering Defendants committed assaults on the privacy rights of the Plaintiff.

51. Denied. It is specifically denied that the answering Defendants engaged in conduct which constituted an assault and invasion of privacy of the rights of the Plaintiff.

## EIGHTH CAUSE OF ACTION
## NEGLIGENCE

52.    The answers set forth above in Paragraphs 1 through 51 are incorporated herein by reference.

53.    Denied. It is specifically denied that the answering Defendants acted negligently and/or recklessly toward the Plaintiff.

54.    Denied. It is specifically denied that the answering Defendants acted negligently and/or recklessly toward the Plaintiff.

55.    Denied. It is specifically denied that the answering Defendants acted negligently and/or recklessly toward the Plaintiff.

## NINTH CAUSE OF ACTION
## ASSAULT AND BATTERY

56.    The answers set forth above in Paragraphs 1 through 55 are incorporated herein by reference.

57.    Denied. It is specifically denied that the answering Defendants committed assault and battery on the Plaintiff.

58.    Denied. It is specifically denied that the answering Defendants committed assault and battery on the Plaintiff.

## TENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59.    The answers set forth above in Paragraphs 1 through 58 are incorporated herein by reference.

60.    Denied. It is specifically denied that the answering Defendants intentionally inflicted emotional distress upon the Plaintiff.

61. Denied. It is specifically denied that the answering Defendants intentionally inflicted emotional distress upon the Plaintiff.

## ELEVENTH CAUSE OF ACTION
## INVASION OF PRIVACY

62. The answers set forth above in Paragraphs 1 through 61 are incorporated herein by reference.

63. Denied. It is specifically denied that the answering Defendants invaded the privacy of the Plaintiff.

64. Denied. It is specifically denied that the answering Defendants invaded the privacy of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Defendants County of York, York County Prison, Thomas Hogan and Christopher Reilly demand judgment in their favor and against Plaintiff on all causes of action alleged in the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to set forth causes of action against the answering Defendants upon which relief can be granted.

2. The answering Defendants have not deprived or engaged in conduct intended to deprive the Plaintiff of any constitutionally protected rights, immunities and/or privileges.

3. The answering Defendants have not conspired or engaged in conduct, together or with others, intended to deprive the Plaintiff of any constitutionally protected rights, immunities and/or privileges.

13. The Complaint fails to set forth causes of action upon which punitive damages may be awarded.

14. Punitive damages may not be awarded against the answering Defendants in their official capacities.

15. Defendant York County Prison is not a legal entity subject to suit.

16. The Plaintiff has failed to exhaust the administrative remedies available to her at the York County Prison to redress the various claims asserted in this matter.

17. The answering Defendants reserve the right to amend their affirmative defenses at the conclusion of discovery or at such other time as the Court may permit in its Case Management Order.

WHEREFORE, Defendants County of York, York County Prison, Thomas Hogan and Christopher Reilly demand judgment in their favor and against Plaintiff on all causes of action set forth within the Complaint.

THOMAS, THOMAS & HAFER, LLP

C. Kent Price

C. Kent Price, Esquire
305 North Front Street
P.O. Box 999
Harrisburg, PA. 17108
(717) 255-7632

ATTORNEYS FOR DEFENDANTS COUNTY OF YORK, YORK COUNTY PRISON, THOMAS HOGAN and CHRISTOPHER REILLY

137227.2

## CERTIFICATE OF SERVICE

AND NOW, this 13th day of November, 2001, the undersigned does hereby certify that he has this day served a copy of the within Amended Answer and Affirmative Defenses of Defendants York County, York County Prison, Thomas Hogan and Christopher Reilly upon each of the following persons at the addresses set forth below by depositing same in the United States Mail, regular mail, postage prepaid:

Gary A. Cavalli, Esquire
Pope, Bergrin and Verdesco, P.A.
572 Market Street
Newark, NJ 07105

C. Kent Price, Esquire