ORIGINAL

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

FILED

APR 0 4 2002

HARRISBURG, PA    DEPUTY CLE

YUDAYA NANYONGA,                     :
           Plaintiff            :   CIVIL ACTION
                   :   NO. 1: CV-00-1034
       v.                    :
                   :
COUNTY OF YORK, et al.,               :   (JUDGE WILLIAM W. CALDWELL)
          Defendants           :

## DEFENDANTS' MOTION FOR SANCTIONS

1.     On March 13, 2002 this Honorable Court issued an Order in response to a motion filed by Plaintiff's attorney for leave to withdraw as counsel of record.

2.     The aforesaid Order, *inter alia,* directed Plaintiff to appear for her scheduled deposition on March 15, 2002, or within another agreed upon date which would be no later than March 22, 2002.

3.     The aforesaid Order also provided that failure to comply with its terms would involve the imposition of sanctions, which may include dismissal of the action.

4.     Plaintiff was or should have been aware of the time and place of her scheduled deposition on March 15, 2002 based upon a Notice of Deposition mailed to her counsel of record on February 2, 2002 (see Exhibit "A"), the answer of the Defendants filed in response to the motion for leave to withdraw as counsel in which the deposition was referenced (see Exhibit "B"), and the Order of March 13, 2002 aforesaid.

5.     Plaintiff failed to appear for her deposition on March 15, 2002 as scheduled and her failure to so appear was made a matter of record (see Exhibit "C").

6.     Plaintiff has made no attempts to contact the undersigned counsel for Defendants to make arrangements for "another agreed upon date" for her deposition, as provided in the aforesaid Order.

7.     This Honorable Court has previously issued a Scheduling Order, based upon a Joint Case Management Plan submitted by the parties, which establishes a discovery deadline of April 2, 2002.

8.     Plaintiff's failure to appear for her deposition as scheduled, or to make arrangements for an alternative deposition date, has prejudiced the Defendants in their ability to prepare a defense to the claims asserted, particularly in light of the impending discovery deadline.

9.     Plaintiff's failure to appear for her deposition as scheduled, or to make arrangements for an alternative deposition date, constitutes a flagrant violation of this Honorable Court's Order of March 13, 2002 and warrants the imposition of sanctions for such failure to comply, as the Court clearly gave notice in its Order.

10.    Defendants are not requesting the imposition of sanctions against counsel as it appears that the Plaintiff is no longer cooperating with him in this matter.

11.    The appropriate sanction in this case, due to the manner in which the Order was flagrantly violated and to the prejudicial effect that Plaintiff's failure to appear for her deposition has on the Defendants' ability to prepare a defense for trial, is a dismissal of the action with prejudice, which sanction was specifically mentioned in the aforesaid Order and of which the Plaintiff was, or should have been, aware.

WHEREFORE, the Defendants respectfully request that this Honorable Court issue an Order dismissing the Plaintiff's action with prejudice as the appropriate sanction for failing to comply with the clear mandates of the Order of March 13, 2002.

THOMAS, THOMAS & HAFER, LLP

C. Kent Price, Esquire
305 North Front Street
P.O. Box 999
Harrisburg, PA.  17108
(717) 255-7632

ATTORNEYS FOR DEFENDANTS

162694.1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,                          :
                 Plaintiff       :  CIVIL ACTION
                                 :  NO.: 1: CV-00-1034
            v.                        :
COUNTY OF YORK, et al.,                    :  (JUDGE WILLIAM W. CALDWELL)
               Defendants       :

## CERTIFICATE OF NON-CONCURRENCE

The undersigned sent a copy of the within Motion for Sanctions and proposed Order by facsimile transmission on April 2, 2002 at 2:53 PM to Plaintiff's counsel of record advising him that the same would be filed later that day and requesting that Plaintiff's counsel contact the undersigned regarding whether he would concur or not concur in the relief requested.  The undersigned further indicated that a failure to respond would probably be treated as a non-concurrence by the Court.  As of the time of filing the within Motion and proposed Order, the undersigned has not been contacted by Plaintiff's counsel.

THOMAS, THOMAS & HAFER, LLP


C. Kent Price, Esquire
305 North Front Street
P.O. Box 999
Harrisburg, PA.  17108
(717) 255-7632

ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,                         :
                    Plaintiff             :
                                          :
          v.                              :          CIVIL ACTION
                                          :          NO.: 1:CV 00-1034
IMMIGRATION & NATURALIZATION              :
SERVICE, DORIS MEISSNER, YORK             :          (JUDGE WILLIAM CALDWELL)
COUNTY, YORK COUNTY PRISON,               :
THOMAS HOGAN, CHRISTOPHER                 :
REILLY, et al.,                           :
                    Defendants            :

## NOTICE OF DEPOSITION

TO:    Counsel

         PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, the undersigned will take the deposition of Yudaya Nanyonga in the above-captioned action, upon oral examination, for the purpose of discovery or for use at trial, or for both purposes, before a person so authorized to render an oath, at the offices of Thomas, Thomas & Hafer, LLP, 305 North Front Street, Harrisburg, PA, at 10:00 A.M. on March 15, 2002 on all matters not privileged which are relevant and material to the issues and subject matter involved in the pending action, and that the above-named is requested to appear at the aforesaid time at the above address and submit to examination under oath.

THOMAS, THOMAS & HAFER, LLP

C. Kent Price, Esquire
P.O. Box 999
Harrisburg, PA 17108
(717) 255-7632
ATTORNEYS FOR DEFENDANT

DATED: 2/06/02

## CERTIFICATE OF SERVICE

AND NOW, this 6th day of February, 2002, the undersigned does hereby certify that he has this day served a copy of the within Notice of Deposition upon the following person at the address set forth below by depositing same in the United States Mail, regular mail, postage prepaid:

Gary A. Cavalli, Esquire
Pope, Bergrin and Verdesco. P.A.
572 Market Street
Newark, NJ  07105

Thomas, Thomas & Hafer, LLP


C. Kent Price, Esquire

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,        :
      Plaintiff       :
                    :
                    :
      v.          :       CIVIL ACTION
                    :       NO.: 1:CV 00-1034
IMMIGRATION & NATURALIZATION  :
SERVICE, DORIS MEISSNER, YORK  :      (JUDGE WILLIAM CALDWELL)
COUNTY, YORK COUNTY PRISON,   :
THOMAS HOGAN, CHRISTOPHER   :
REILLY, et al.,              :
      Defendants   :

FILED
HARRISBURG

MAR 0 5 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## DEFENDANTS' RESPONSE TO MOTION TO BE RELIEVED AS COUNSEL

1.      This alleged civil rights claim was initiated by the filing of a Complaint on June 8, 2000.

2.      Various motions to dismiss were filed and subsequently resolved, including the dismissal of the action as to Immigration & Naturalization Service and Doris Meissner.

3.      A Case Management Plan was filed on September 12, 2001.

4.      An Order was issued on September 17, 2001 which established various deadlines, including **a discovery deadline of April 2, 2002**, and setting a trial date during the June 2002 term.

5.      On or about February 11, 2002 counsel of record for Plaintiff filed a Notice of Motion to Be Relieved as Counsel, which included a Certification in Support of said Motion.

6.      Although the undersigned counsel for Defendants is not adamantly opposed to the relief requested by the pending Motion, said Motion does create

some potential problems which are of significant concern to the Defendants and which they wish to bring to the Court's attention as having some bearing on the issue:

a.)   Following the issuance of the Scheduling Order, the undersigned, on October 8, 2001, provided Plaintiff's counsel with copies of those documents which Defendants had agreed to voluntarily disclose pursuant to §4.351 of the Joint Case Management Plan.  However, despite several requests to the Plaintiff that she produce copies of those documents which she had agreed to voluntarily disclose pursuant to §4.301 of the Joint Case Management Plan, no such documents have been provided.  Refer to Exhibits "A" and "B" attached hereto.

b.)   On February 6, 2002 the undersigned sent Plaintiff's counsel a Notice of Deposition for the Plaintiff to be held on March 15, 2002 in Harrisburg, Pennsylvania.  Refer to Exhibit "C" attached hereto.

7.   The Notice of Motion to Be Relieved as Counsel does not contain a representation that Plaintiff has obtained substitute counsel who is prepared to enter his/her appearance immediately in the event that the Motion is granted.

8.   According to the Certification in Support of the Motion, counsel of record for the Plaintiff met with his client on an undisclosed date to discuss the facts surrounding the Motion and subsequently, on January 4, 2002, he sent Plaintiff correspondence memorializing their discussions, which included a recommendation that she obtain new counsel to represent her should she decide to proceed with the claim.  However, as of February 7, 2002, the date of the Motion and Certification, Plaintiff apparently had not obtained new counsel.

9.    The undersigned is concerned that the granting of the Motion, without the immediate substitution of new counsel prepared to adhere to the deadlines established in the Order of September 17, 2001, may result in prejudice to the Defendants in not being able to obtain responses to discovery and to take the Plaintiff's deposition in a timely manner prior to the April 2, 2002 discovery deadline.

10.    Defendants would withdraw any opposition to the Motion contingent upon an Order being issued directing Plaintiff to **(a.)** provide complete copies of all documents which Plaintiff had previously agreed to voluntarily disclose in the Case Management Plan within 14 days of such Order, and **(b.)** appear for her deposition as scheduled on March 15, 2002 at 10:00 A.M. in the undersigned's office, subject to the dismissal of this action with prejudice as the appropriate sanction should she fail to appear for her deposition as scheduled for any reason.

THOMAS, THOMAS & HAFER, LLP

C. Kent Price, Esquire
305 North Front Street
P.O. Box 999
Harrisburg, PA  17108
(717) 255-7632
I.D. No. 06776

ATTORNEYS FOR DEFENDANTS

:159374.1

Exhibit A

(717) 255-7632
CKP@tthlaw.com
October 8, 2001

Gary A. Cavalli, Esquire
Pope, Bergrin and Verdesco. P.A.
572 Market Street
Newark, NJ 07105

      **RE:   Nanyonga v. York**

Dear Mr. Cavalli:

      I have enclosed copies of Officers' Daily Reports, Progress Notes, Referral for Psychological Services, Inmate Progress Report, Memorandum from Warden Hogan, various statements and medical records provided by the York County Prison regarding your client. All of these documents were identified in the Joint Case Management Plan as ones which would be voluntarily disclosed.

      In turn, I would ask that you provide me with copies of those documents which you agreed to voluntarily disclose in the Joint Case Management Plan, as well as any medical, psychological and/or psychotherapy records relating to your client. Your prompt attention to this request is appreciated

               Sincerely yours,

               THOMAS, THOMAS & HAFER, LLP

               C. Kent Price

CKP/ves:136469.4
Enclosures

Exhibit B

(717) 255-7632
CKP@tthlaw.com
January 3, 2002

Gary A. Cavalli, Esquire
Pope, Bergrin and Verdesco. P.A.
572 Market Street
Newark, NJ 07105

RE:    Nanyonga v. York

Dear Mr. Cavalli:

On October 8, 2001 I provided you with copies of all documents identified in the Joint Case Management Plan as ones which the Defendants would voluntarily disclose. At that time, I asked that you provide me with copies of the documents that you indicated that you would voluntarily disclose in the Plan. To date, I have not received copies of those documents.

As you know, Judge Caldwell has established a discovery completion date of April 2, 2002, which is only three months away. Consequently, I must receive copies of the documents that you agreed to voluntarily disclose within the next 14 days, failing which I will make arrangements for a telephone discovery conference with Judge Caldwell. I certainly hope that that will not be necessary.

I also wish to make arrangements to take the deposition of your client at a mutually convenient date and time. I have asked my secretary to contact you in the near future to make the necessary arrangements in that regard.

You also indicated some time ago that it would likely be necessary for you to obtain other counsel to represent Ms. Nanyonga. Is that still your intention? If so, I would urge you to move forward in that regard with some alacrity.

I look forward to receiving the requested documents in the near future.

Sincerely yours,

THOMAS, THOMAS & HAFER, LLP

C. Kent Price

CKP/ves:136469.5

**Exhibit C**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,                          :
       Plaintiff                         :
                                         :
                                         :
       v.                                :    CIVIL ACTION
                                         :    NO.: 1:CV 00-1034
IMMIGRATION & NATURALIZATION              :
SERVICE, DORIS MEISSNER, YORK             :    (JUDGE WILLIAM CALDWELL)
COUNTY, YORK COUNTY PRISON,               :
THOMAS HOGAN, CHRISTOPHER                 :
REILLY, et al.,                           :
       Defendants                        :

<u>NOTICE OF DEPOSITION</u>

TO:   Counsel

     PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, the undersigned will take the deposition of Yudaya Nanyonga in the above-captioned action, upon oral examination, for the purpose of discovery or for use at trial, or for both purposes, before a person so authorized to render an oath, at the offices of Thomas, Thomas & Hafer, LLP, 305 North Front Street, Harrisburg, PA, at 10:00 A.M. on March 15, 2002 on all matters not privileged which are relevant and material to the issues and subject matter involved in the pending action, and that the above-named is requested to appear at the aforesaid time at the above address and submit to examination under oath.

THOMAS, THOMAS & HAFER, LLP

C. Kent Price, Esquire
P.O. Box 999
Harrisburg, PA 17108
(717) 255-7632
ATTORNEYS FOR DEFENDANT

DATED:  2/06/02

## CERTIFICATE OF SERVICE

AND NOW, this 6th day of February, 2002, the undersigned does hereby certify that he has this day served a copy of the within Notice of Deposition upon the following person at the address set forth below by depositing same in the United States Mail, regular mail, postage prepaid:

Gary A. Cavalli, Esquire
Pope, Bergrin and Verdesco. P.A.
572 Market Street
Newark, NJ 07105

Thomas, Thomas & Hafer, LLP

C. Kent Price, Esquire

## CERTIFICATE OF SERVICE

AND NOW, this 5th day of March, 2002, the undersigned does hereby

certify that he has this day served a copy of the within Defendants' Response to

Motion to Be Relieved as Counsel upon the following Plaintiff's counsel of record

at the address set forth below by facsimile transmission and by depositing same

in the United States Mail, regular mail, postage prepaid:

Gary A. Cavalli, Esquire
Pope, Bergrin and Verdesco. P.A.
572 Market Street
Newark, NJ  07105

Thomas, Thomas & Hafer, LLP

C. Kent Price, Esquire

ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YUDAYA NANYONGA,                    :
      PLAINTIFF                    :
                              :
                              :
    V                    : CIVIL ACTION
                              : NO.: 1:CV 00-1034
IMMIGRATION & NATURALIZATION  : (JUDGE WILLIAM CALDWELL)
SERVICE, DORIS MEISSNER, YORK :
COUNTY, YORK COUNTY PRISON,    :
THOMAS HOGAN, CHRISTOPHER      :
REILLY, ET AL.,                :
          DEFENDANTS          :

### TRANSCRIPT OF PROCEEDINGS

BEFORE:      DIANE F. FOLTZ, RMR
                NOTARY PUBLIC

DATE:        MARCH 15, 2002, 10:52 A.M.

PLACE:       THOMAS, THOMAS & HAFER, LLP
                305 NORTH FRONT STREET
                HARRISBURG, PENNSYLVANIA

APPEARANCES:

    THOMAS, THOMAS & HAFER, LLP
    BY: C. KENT PRICE, ESQUIRE

      FOR - DEFENDANTS



HAFN Reporting Service, Inc.

Hughes
Albright
Foltz
Natale

2080 Linglestown Road • Suite 103 • Harrisburg, PA 17110
717.540.0220 • Fax 717.540.0221 • Lancaster 717.393.5101

1        MR. PRICE:  Let the record reflect it is now

2  10:52 on Friday, March 15, 2002.  We're here at the law

3  offices of Thomas, Thomas & Hafer for the purpose of taking

4  the deposition of the Plaintiff in this matter.  A Notice

5  of Deposition was sent to the Plaintiff's attorney, Gary A.

6  Cavalli, Esquire, of the firm of Pope, Bergrin & Verdesco

7  at 572 Market Street, Newark, New Jersey, 07105 on February

8  6, 2002, together with a Notice of Deposition.  The letter

9  was not returned as undeliverable.  The Notice of

10  Deposition indicated that the Plaintiff's deposition would

11  be held at the offices of Thomas, Thomas & Hafer, 305 North

12  Front Street, Harrisburg, Pennsylvania, beginning at 10:00

13  a.m. on March 15, 2002.  At no time prior to the date and

14  time of the deposition were we contacted by either the

15  Plaintiff or her attorney to indicate that they could not

16  or would not be able to attend the deposition as scheduled.

17  We have waited for approximately one hour from the time

18  that the deposition was scheduled to begin, and neither the

19  Plaintiff or her attorney have appeared, nor have we

20  received a telephone call, fax or other communication

21  indicating that the Plaintiff would not attend her

22  deposition as noticed.

23        I had the occasion to call the office of the

24  Plaintiff's attorney at approximately 9:40 a.m. this

25  morning to confirm that the deposition would go forward as

3

1  noticed.  I was told at that time that Attorney Cavalli had

2  not yet come into the office, and when I inquired as to

3  whether he was expected to be in today, I was advised that

4  he was expected to be in his office later in the day.  It

5  is now approximately 11:00 a.m., and I'm going to discharge

6  the court reporter on the assumption that the Plaintiff

7  will not appear for her deposition as noticed.

8          (The proceedings were concluded at 11:00 a.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1

2          I hereby certify that the proceedings and

3    evidence are contained fully and accurately in the notes

4    taken by me on the within proceedings, and that this copy

5    is a correct transcript of the same.

6

7

8

9          Diane F. Foltz, RMR
             Notary Public
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

AND NOW, this 4th day of April, 2002, the undersigned does hereby certify that

he has this day served a copy of the within Defendants' Motion for Sanctions upon the

following Plaintiff's counsel of record at the address set forth below by facsimile

transmission and by depositing same in the United States Mail, regular mail, postage

prepaid:

Gary A. Cavalli, Esquire
Pope, Bergrin and Verdesco. P.A.
572 Market Street
Newark, NJ  07105

Thomas, Thomas & Hafer, LLP

C. Kent Price, Esquire