

**ORIGINAL**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YUDAYA NANYONGA, <br> Plaintiff <br> v. <br> COUNTY OF YORK, et al., <br> Defendants | : <br> : CIVIL ACTION <br> : NO. 1: CV-00-1034 <br> : <br> : <br> : (JUDGE WILLIAM W. CALDWELL) <br> : |

FILED APR 17 2002

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

### I.   FACTUAL BACKGROUND:

This case arises out of the Plaintiff's incarceration at the York County Prison, as an immigration detainee, on June 9, 1998. Plaintiff alleges that she came to the United States from Uganda, seeking political asylum. On or about June 9, 1998 the Plaintiff was placed in the York County Prison by the Immigration and Naturalization Service. She alleges that certain events transpired that day while she was detained at the York County Prison, for which she seeks relief in the instant suit.

### II.   PROCEDURAL BACKGROUND:

A Complaint was filed on June 8, 2000, and a Scheduling Order was issued on September 17, 2001, which, *inter alia*, set a discovery deadline of April 2, 2002, and placed the suit on the June 2002 trial list. In accordance with the Scheduling Order, Defendants, by letter and Notice of deposition dated February 6, 2002, scheduled Plaintiff's deposition for March 15, 2002. On or about February 11, 2002, Plaintiff's

counsel filed a Motion to Be Relieved As Counsel. On March 5, 2002, Defendants filed a Response To The Motion To Be Relieved As Counsel, raising concerns as to the effect of any delay and the prejudice that may result due to such removal. In response to the Motion For Removal, this Honorable Court issued an Order dated March 13, 2002 which, *inter alia*, directed Plaintiff to appear for her scheduled deposition on March 15, 2002, or on another agreed upon date which was to be no later than March 22, 2002. The Order also warned Plaintiff that failure to comply with the Order may result in dismissal of her case. The Court reserved ruling upon the Motion To Be Relieved As Counsel, pending compliance with the Order.

As Plaintiff has failed to comply with the March 13, 2002 Order, Defendants filed a Motion For Sanctions, requesting Plaintiff's case be dismissed with prejudice. This brief is filed in support thereof.

### III. ISSUE:

Whether Plaintiff's Complaint should be dismissed with prejudice where Plaintiff has failed to comply with an Order directing her deposition and where that Order warned Plaintiff that failure to comply with the Order may result in dismissal of her case?

Suggested answer: YES.

### IV. ARGUMENT:

Plaintiff's Complaint should be dismissed, with prejudice, as Plaintiff failed to comply with an Order directing her deposition and where that Order warned Plaintiff that failure to Comply with the Order may result in dismissal of her case. Federal Rule

2

of Civil Procedure 41(b) provides that Courts may dismiss actions with prejudice for failure to prosecute a suit or disobedience of a court order. *See* FED. R. CIV. P. 41(b); Lucien v. Breweur, 9 F.3d 26, 28 (7th Cir. 1993) (Posner, C.J.). The Third Circuit has set forth six factors that should be considered in deciding whether to dismiss a case with prejudice for failure to prosecute and disregard of court orders and deadlines: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) whether there has been a history of dilatoriness in the case; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of alternate sanctions; (6) the meritoriousness of the claim or defense. See, United States v. USX Corp., 68 F.3d 811, 818-19 (3d Cir. 1995); *see also* Spear v. Commissioner, 41 F.3d 103, 109 (3d Cir. 1994); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868-70 (3d Cir. 1984).

Not every one of the above factors must be met to warrant dismissal. *See* Great Western Funding, Inc. v. Mendelson, 158 F.R.D.339, 344 (E.D.Pa.1994). The Third Circuit has provided the following guidance with regard to the application of these Poulis factors:

> ...Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by this Court. As we have already recognized, not all of the Poulis factors need be satisfied in order to dismiss a complaint. See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co., 843 F.2d 683, 696 (3rd Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court -- a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.

Mindek v. Rigatti, 964 F.2d 1369, 1373 (3rd Cir. 1992).  As such, wide discretion is given to a court to consider these factors, but again, not every factor is necessary.

Applying the above law to the present case, it is clear that, even assuming Nanyonga's claims are meritorious, this case should be dismissed.  Based upon a Joint Case Management Plan submitted by the parties, the Court issued a discovery deadline of April 2, 2002 and a trial term of June 2002.  Since then, Defendants attempted to comply with the discovery deadlines and take Plaintiff's deposition on March 15, 2002.  Indeed, as a result of concerns expressed by the Defendants, this Court specifically Ordered Plaintiff to appear at her scheduled deposition or make arrangements for her deposition to be taken by March 22, 2002.  Despite the Notice of Deposition and the Court Order specifically requiring Plaintiffs deposition, neither the Plaintiff nor her counsel cancelled the deposition nor made arrangements for her deposition within the period prescribed by the Order.

Moreover, Plaintiff has offered no explanation for her disregard of the Notice of Deposition or of the March 13, 2002 Order or for her related failure to conduct discovery (or permit Defendants to conduct discovery) by the April 2, 2002 deadline and there is no indication that any less severe sanction would be of benefit.  Indeed, Plaintiff was previously warned by the Court that her failure to comply with its Order could result in dismissal of her case.

Finally, the case is now scheduled for trial in June 2002, the discovery deadline has passed and Defendants have been severely prejudiced by Plaintiff's failure to

4

produce herself for deposition. With the discovery deadline having passed and trial set for June, Defendants have suffered prejudice in their ability to adequately prepare a defense to Plaintiff's claims.

### III. CONCLUSION:

For the above stated reasons, it is respectfully requested that this Honorable Court grant Defendants' Motion For Sanctions and dismiss Plaintiff's action, with prejudice.

Respectfully submitted

Thomas, Thomas & Hafer, LLP

C. Kent Price, Esquire
305 North Front Street
P.O. Box 999
Harrisburg, Pa. 17108
(717) 255-7632

Attorneys for Defendants York County, York County Prison, Thomas Hogan and Christopher Reilly

:165128.1

## CERTIFICATE OF SERVICE

AND NOW, this 17th day of April, 2002, the undersigned does hereby certify that he has this day served a copy of the within Brief of Defendants York County, York County Prison, Thomas Hogan and Christopher Reilly in Support of Motion to Dismiss Plaintiff's Complaint with Prejudice upon each of the following persons at the addresses set forth below by depositing same in the United States Mail, regular mail, postage prepaid:

Gary A. Cavalli, Esquire
Pope, Bergrin and Verdesco. P.A.
572 Market Street
Newark, NJ 07105

C. Kent Price, Esquire